1
2
3
4
5
6

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**

7

AUBRY MCMAHON,

8

Plaintiff,

9

v.

10

WORLD VISION, INC.,

11

Defendant.

Case No.

**COMPLAINT**

**JURY DEMAND**

12
13

## I.   NATURE OF ACTION

14

1.1    Plaintiff complains pursuant to Title VII of the Civil Rights Act of 1964, as

15

codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act

16

of 1991, Pub. L. No. 102-166) ("Title VII") and the Washington Law Against Discrimination

17

("WLAD"), RCW 49.60, *et seq.*, and seeks damages to redress the injuries she has suffered as a

18

result of being discriminated against, and denied employment, due to her sex (female), marital

19

status (married to a person of the same sex), and sexual orientation (gay).

20

## II.   JURISDICTION AND VENUE

21

2.1    Jurisdiction of this Court is proper under 42 U.S.C. § 2000e-5(f)(3) and 28

22

U.S.C. §§ 1331 and 1343.

23

2.2    This Court has supplemental jurisdiction over Plaintiff's state-law claims

24

pursuant to 28 U.S.C § 1367.

COMPLAINT - 1

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

2.3    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as it is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

## III.    PROCEDURAL PREREQUISITES

3.1    Plaintiff filed charges of discrimination upon which this Complaint is based with the Equal Employment Opportunity Commission ("EEOC").

3.2    Plaintiff received a Notice of Right to Sue from the EEOC on April 22, 2021, with respect to the herein charges of discrimination.

3.3.    This action is being commenced within ninety (90) days of receipt of said Notice of Right to Sue.

## IV.    PARTIES

4.1    At all times relevant, Plaintiff AUBRY MCMAHON ("Plaintiff") was and is a resident of the State of North Carolina and Union County.

4.2    At all times relevant, Defendant WORLD VISION, INC. ("Defendant") was and is a foreign nonprofit corporation duly organized and existing pursuant to and by virtue of the laws of the State of California, with its principal place of business located at 34834 Weyerhaeuser Way South, Federal Way, WA 98001.

4.3    At all times relevant, Defendant lawfully conducts business in the State of Washington, and engages in the practice of, inter alia, hiring remote workers to perform services for it.

## V.    FACTS

5.1    Plaintiff is a woman who is openly gay and married to a woman.

5.2    On or about November 25, 2020, Plaintiff applied for the position of Customer Service Representative, which Defendant had posted on Indeed.com.

COMPLAINT - 2

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104–1798
(206) 682-6711

5.3     On or about December 1, 2020, Catherine Miolla (Defendant's Recruiter) ("Ms. Miolla") reached out to Plaintiff and scheduled an interview with her for Friday, December 4, 2020. At all times relevant, and upon information and belief, Ms. Miolla did (and still does), physically work in the Western District of Washington.

5.4     As such, on or about December 4, 2020, Ms. Miolla interviewed Plaintiff over the telephone for the Customer Service Representative position.

5.5     On or about December 15, 2020, Plaintiff was interviewed a second time (this time through video chat) by Ms. Miolla and a man named Anthony who identified himself as Defendant's Call Center Director.

5.6     During this second interview, Ms. Miolla and Anthony told Plaintiff that the job would be a basic Customer Service position in which Plaintiff would work remotely (notably, Plaintiff lives in North Carolina).

5.7     As a Customer Service Representative, Plaintiff was essentially going to be working in a call center assisting donors/ clients who have sponsored children through Defendant's child sponsorship program – a program in which donors are paired with particular children and their contributions provide access to clean water, food, health care, education, and vocational training.

5.8     Although Defendant refers to itself as a Christian organization, it does not proselytize and makes its humanitarian services available to people of all faiths or of no faith, without any strings attached.  In fact, Defendant claims that to do otherwise "would be contrary to its theology."

5.9     Additionally, Defendant was not going to provide any specific religious training to Plaintiff.

COMPLAINT - 3

5.10    As a result, Plaintiff's core job duties and responsibilities as a Customer Service Representative would not have included any religious duties, any duties that can be categorized as "religious," or any teaching duties.

5.11    Plaintiff's role as a Customer Service Representative was also not going to include leading prayer or other religious services, nor would it include integrating religious teaching into her interactions with donors/ customers.

5.12    Ms. Miolla and Anthony further told Plaintiff that the pay rate for the position was $15.00 an hour and the position was to begin on February 1, 2021.

5.13    On or about January 5, 2021, after verifying Plaintiff's references and conducting a background check, Ms. Miolla officially offered Plaintiff the position via email. Plaintiff accepted the offer.

5.14    Curious about whether she would be eligible for any maternity leave in March 2021 when she was due to give birth, Plaintiff replied to Ms. Miolla via email that same day (on January 5, 2021) and wrote, in pertinent part: "My wife and I are expecting our first baby in March and I wanted to see if I would qualify for any time off for this since I'll be a new employee?  I will be the one having the baby so I just wanted to check to see if any time would be allowed off.  If not, no worries, thanks so much!"

5.15    That afternoon (on January 5, 2021), Ms. Miolla replied to Plaintiff's email and wrote: "Do you have time tomorrow afternoon to discuss by phone?" Plaintiff and Ms. Miolla ultimately scheduled a telephone call for that Friday, January 8, 2021.

5.16    However, before they were able to speak on the telephone, Ms. Miolla emailed Plaintiff and rescinded the job offer. Confused, Plaintiff emailed Ms. Miolla back asking to speak on the telephone in order to gain clarification as to why her job offer was rescinded. Ms. Miolla and Plaintiff spoke on the telephone later that day and Ms. Miolla explained that the

COMPLAINT - 4

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

reason Defendant rescinded her job offer was because (according to Ms. Miolla), "the standards of conduct are to not have any kind of sexual contact outside of marriage and marriage is defined as being between a man and a woman."

5.17    Therefore, Defendant made clear that the reason it rescinded the job offer made to Plaintiff was due to her sex, marital status, and sexual orientation.

5.18    But for the fact that Plaintiff is a gay woman, Defendant would not have discriminated against her, refused to hire her, and denied her employment. Further, had Plaintiff been a man, Defendant would not have rescinded the job offer (as she would have been a man in a marriage with a woman).

5.19    Plaintiff has been unlawfully discriminated against, humiliated, and degraded, and as a result, suffers loss of rights, emotional distress, loss of income and earnings.

5.20    Upon information and belief, Defendant has not denied employment to any person for being married to an individual of the opposite sex.

5.21    Defendant's actions and conduct were intentional and intended to harm Plaintiff.

5.22    As a result of Defendant's unlawful actions, Plaintiff feels extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

5.23    As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails.

5.24    Defendant's conduct was malicious, willful, outrageous, and conducted with full knowledge of the law.  As such, Plaintiff demands Punitive Damages against Defendant

COMPLAINT - 5

## VI.   FIRST CAUSE OF ACTION
### DISCRIMINATION UNDER TITLE VII

6.1   Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

6.2   This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, for relief based upon the unlawful employment practices of Defendant.

6.3   Plaintiff complains of Defendant's violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's sex, marital status, and/or sexual orientation.

6.4   Defendant engaged in unlawful employment practices prohibited by 42 U.S.C. § 2000e, *et seq.*, by discriminating against Plaintiff because of her sex (female), marital status (married to a person of the same sex), and sexual orientation (gay).

## VII.   SECOND CAUSE OF ACTION
### DISCRIMINATION UNDER RCW 49.60

7.1   Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

7.2   The Washington Law Against Discrimination ("WLAD"), RCW 49.60 *et seq.*, prohibits any employer from discharging or barring any person from employment because of, inter alia, that person's sex, marital status, and/or sexual orientation.

7.3   Defendant subjected Plaintiff to discriminatory treatment by denying Plaintiff employment on the basis of her sex (female), marital status (married to a person of the same sex), and sexual orientation (gay).

COMPLAINT - 6

1

## VIII.   <u>REQUEST FOR RELIEF</u>

2    WHEREFORE, Plaintiff requests the following relief:

3    A.      Lost wages and benefits in an amount to be proved at trial;

4    B.      Compensatory damages in an amount to be proved at trial;

5    C.      Punitive damages against Defendant;

6    D.      Attorneys' fees and costs;

7    E.      Prejudgment interest; and

8    F.      Such other and further relief as the Court deems just and proper.

9

Dated this 9th day of July 2021.

10

11                      **FRANK FREED SUBIT & THOMAS LLP**

12                      By:   /s/ Michael C. Subit
                        Michael C. Subit, WSBA No. 29189
13                      705 Second Avenue, Suite 1200
                        Seattle, Washington 98104
14                      Phone: (206) 682-6711
                        Fax:  (206) 682-0401
15                      Email:  msubit@frankfreed.com

16                      **NISAR LAW GROUP, P.C**.

17                      By:   /s/ Casimir Wolnowski
                        Casimir Wolnowski
18                      One Grand Central Place
                        60 East 42nd Street, Suite 4600
19                      New York, New York 10165
                        Phone: (646) 889-1007
20                      Fax:  (516) 604-0157
                        Email : cwolnowski@nisarlaw.com
21                      *Pro Hac Vice* Admission Forthcoming

22                      *Attorneys for Plaintiff*

23

24

COMPLAINT - 7