THE HONORABLE JAMES L. ROBART

UNITED STATES DISITRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AUBRY MCMAHON,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>WORLD VISION, INC.<br><br>　　　　Defendant. | CASE NO. 2:21-CV-00920-JLR<br><br>ANSWER AND AFFIRMATIVE DEFENSES<br><br>JURY DEMAND |

**DEFENDANT WORLD VISION INC.'S**
**ANSWER AND AFFIRMATIVE DEFENSES**

Defendant World Vision, Inc. ("World Vision" or "Defendant"), by counsel, files its Answer and Affirmative Defenses to the Complaint filed by Plaintiff Aubry McMahon ("McMahon" or "Plaintiff"), as follows.

**I. NATURE OF ACTION**

1.1.　Paragraph 1.1 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 1.1 of the Complaint.

ANSWER AND AFFIRMATIVE DEFENSES　　　Page 1
CASE NO. 2:21-CV-00920-JLR

Ellis | Li | McKinstry
1700 Seventh Avenue, Suite 1810
Seattle, WA 98101-1820
206.682.0565  Fax: 206.625.1052

## II. JURISDICTION AND VENUE

2.1.    Paragraph 2.1 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies that this Court has original subject matter jurisdiction over Plaintiff's claims arising under Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166) and under the Washington Law Against Discrimination, RCW 49.60, *et seq.*, because such exercise of jurisdiction infringes Defendants' rights under Section 702 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-1, and under the United States and Washington Constitutions. Defendant denies all remaining allegations of Paragraph 2.1.

2.2.    Paragraph 2.2 states a legal conclusion to which no response is required. To the extent that a response is required, Defendant admits that the Court can exercise supplemental (pendent) jurisdiction over state law claims under 28 U.S.C § 1367 to the extent that subject matter jurisdiction exists, and admits that this Court can exercise diversity jurisdiction over Plaintiff's state law claims on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332, to the extent jurisdiction is not otherwise barred by federal statutory or constitutional law as infringing Defendants' rights under Section 702 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-1, and/or under the United States and Washington Constitutions.

2.3.    Paragraph 2.3 states a legal conclusion to which no response is required.

## III. PROCEDURAL PREREQUISITES

3.1.    Defendant admits that Plaintiff filed charges of discrimination with the Equal Employment Opportunity Commission ("EEOC"), and then approximately fifteen days later

ANSWER AND AFFIRMATIVE DEFENSES      Page 2
CASE NO. 2:21-CV-00920-JLR

Ellis | Li | McKinstry
1700 Seventh Avenue, Suite 1810
Seattle, WA 98101-1820
206.682.0565  Fax: 206.625.1052

obtained a Dismissal and Notice of Rights from the EEOC, before the EEOC could use its 180-day statutory period to investigate and attempt to resolve the claim. The implication that these facts satisfy the legal and procedural prerequisites under Title VII and WLAD for filing this action is a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies all remaining allegations, inferences, and implications of Paragraph 3.1 of the Complaint.

3.2. Defendant admits that the EEOC issued a Dismissal and Notice of Rights dated April 22, 2021. The implication that these facts satisfy the legal and procedural prerequisites under Title VII and WLAD for filing this action is a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies all remaining allegations, inferences, and implications of Paragraph 3.2 of the Complaint.

3.3. Defendant lacks sufficient information to admit or deny the allegations of Paragraph 3.3 of the Complaint as to the date on which Plaintiff received a Notice of Right to Sue. Defendant admits that this action was filed within ninety (90) days of April 22, 2021. The implication that these facts satisfy the legal and procedural prerequisites under Title VII and WLAD for filing this action is a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies all remaining allegations, inferences, and implications of Paragraph 3.3 of the Complaint.

**IV. PARTIES**

4.1. Defendant admits that Plaintiff AUBRY MCMAHON ("Plaintiff") was and is a resident and a citizen of the State of North Carolina and Union County. 28 U.S.C. § 1332.

4.2. Defendant admits the factual allegations set forth in Paragraph 4.2 of the Complaint.

ANSWER AND AFFIRMATIVE DEFENSES   Page 3
CASE NO. 2:21-CV-00920-JLR

Ellis | Li | McKinstry
1700 Seventh Avenue, Suite 1810
Seattle, WA 98101-1820
206.682.0565  Fax: 206.625.1052

4.3. Defendant admits that it lawfully conducts business in the State of Washington, and (among other things) engages in the practice of hiring remote workers to perform services for it in carrying out its religious ministries, activities, and purposes. Defendant denies all remaining allegations, inferences, and implications of Paragraph 4.3 of the Complaint.

## V. FACTS

5.1. Defendant admits that Plaintiff identified to an employee of Defendant that she is a woman. Defendant admits that after Plaintiff had completed World Vision's application and interview process, had been informed of World Vision's religious Standards of Conduct, and had affirmed that she was willing and able to comply with the Standards of Conduct, Plaintiff contacted an employee of Defendant to indicate that she was married to a woman. Defendant lacks sufficient information to admit or deny the remaining allegations of Paragraph 5.1 and on that basis denies all remaining allegations, inferences, and implications of Paragraph 5.1

5.2. Defendant admits the factual allegations set forth in Paragraph 5.2 of the Complaint.

5.3. Defendant admits the factual allegations set forth in Paragraph 5.3 of the Complaint.

5.4. Defendant admits that on or about December 4, 2020, Ms. Miolla interviewed Plaintiff over the telephone for the Donor/Customer Service Representative position. Defendant denies all remaining allegations, inferences, and implications of Paragraph 5.4 of the Complaint.

5.5. Defendant admits the factual allegations set forth in Paragraph 5.5 of the Complaint.

5.6.   Defendant admits that Plaintiff lives in and is a citizen of North Carolina. Defendant admits that during the interview on or about December 15, 2020, Ms. Miolla and Anthony informed Plaintiff that the job would be a Customer Service Representative position in which Plaintiff would work remotely. Defendant denies the allegation that this position was a "basic" position and denies any implication that the position did not involve religious elements and activities. Defendant denies all remaining allegations, inferences, and implications of Paragraph 5.6 of the Complaint.

5.7.   Defendant admits that among the duties of the Customer Service Representative in World Vision's call center would be speaking with, answering questions from, and praying with donors and supporters who have sponsored children through World Vision's child sponsorship program, including about such topics as World Vision's religious mission, beliefs, and activities. Defendant admits that World Vision's child sponsorship program is a program in which World Vision connects donors with particular children to pray for the child and to make contributions to help provide the child with access to clean water, food, health care, education, and/or vocational training. Defendant denies all remaining allegations, inferences, and implications of Paragraph 5.7 of the Complaint.

5.8.   Defendant admits that it is "primarily religious," is "a nonprofit organization whose humanitarian relief efforts flow from a profound sense of religious mission," and "explicitly and intentionally holds itself out to the public as a religious institution." *Spencer v. World Vision, Inc.* 633 F.3d 723, 741 (9th Cir. 2011). Defendant admits that its theology as a Christian ministry sharing the love of Jesus Christ with the world leads it to make its Christian humanitarian services available to people of all faiths and to people of no faith so that they would come to know the saving love of Jesus Christ, and that to do otherwise would be contrary

ANSWER AND AFFIRMATIVE DEFENSES   Page 5
CASE NO. 2:21-CV-00920-JLR

Ellis | Li | McKinstry
1700 Seventh Avenue, Suite 1810
Seattle, WA 98101-1820
206.682.0565  Fax: 206.625.1052

to its Christian theology. Defendant denies any allegation, inference, or implication in Paragraph 5.8 (*e.g.*, "Although") that the above admissions would be in any way inconsistent with being a Christian organization. Defendant denies all remaining allegations, inferences, and implications of Paragraph 5.8 of the Complaint.

5.9.     Defendant denies any allegation, inference, or implication that it was not going to provide any specific religious training to Plaintiff. World Vision requires (among other things) that the position "Help carry out our Christian organization's mission, vision, and strategies. Personify the ministry of World Vision by witnessing to Christ and ministering to others through life, deed, word and sign.... Keep Christ central in our individual and corporate lives. Attend and participate in the leadership of devotions, weekly Chapel services, and regular prayer." Defendant denies all remaining allegations, inferences, and implications of Paragraph 5.9 of the Complaint.

5.10.    Defendant denies any allegation, inference, or implication that Plaintiff's core job duties and responsibilities as a Customer Service Representative would not have included any religious duties, any duties that can be categorized as "religious," or any teaching duties. Among other things, Defendant's written job description required that the Customer Service Representative "Help carry out our Christian organization's mission, vision, and strategies. Personify the ministry of World Vision by witnessing to Christ and ministering to others through life, deed, word and sign.... Keep Christ central in our individual and corporate lives. Attend and participate in the leadership of devotions, weekly Chapel services, and regular prayer." Defendant denies all remaining allegations, inferences, and implications of Paragraph 5.10 of the Complaint.

ANSWER AND AFFIRMATIVE DEFENSES         Page 6
CASE NO. 2:21-CV-00920-JLR

Ellis | Li | McKinstry
1700 Seventh Avenue, Suite 1810
Seattle, WA 98101-1820
206.682.0565  Fax: 206.625.1052

5.11. Defendant denies that Plaintiff's role as a Customer Service Representative was not going to include leading prayer or other religious services, or that it would not include integrating religious teaching into her interactions with donors/customers. Among other things, Defendant's written job description required that the Customer Service Representative "Help carry out our Christian organization's mission, vision, and strategies. Personify the ministry of World Vision by witnessing to Christ and ministering to others through life, deed, word and sign.... Keep Christ central in our individual and corporate lives. Attend and participate in the leadership of devotions, weekly Chapel services, and regular prayer." Defendant denies all remaining allegations, inferences, and implications of Paragraph 5.11 of the Complaint.

5.12. Defendant admits the allegations set forth in Paragraph 5.12 of the Complaint.

5.13. Defendant admits that Ms. Miolla verified Plaintiff's references and conducted a standard background check. Defendant admits that on January 4, 2021, Ms. Miolla orally by phone offered Plaintiff a position as a Donor/Customer Service Representative and that Plaintiff orally accepted. Defendant admits that Ms. Miolla thereafter sent Plaintiff a letter via email "as written confirmation of our verbal offer for the full-time position of Donor/Customer Service Representative Trainee (DSR Trainee) commencing on 2/1/2021..." and that also stated that "[c]onsideration for employment as a Donation Services Representative I is dependent upon successful completion of the training and evaluation program...." Defendant denies all remaining allegations, inferences, and implications of Paragraph 5.13 of the Complaint.

5.14. Defendant admits that the next day (on January 5, 2021), Plaintiff sent Ms. Miolla an email stating in part: "My wife and I are expecting our first baby in March and I wanted to see if I would qualify for any time off for this since I'll be a new employee? I will be the one having the baby so I just wanted to check to see if any time would be allowed off. If

ANSWER AND AFFIRMATIVE DEFENSES   Page 7
CASE NO. 2:21-CV-00920-JLR

Ellis | Li | McKinstry
1700 Seventh Avenue, Suite 1810
Seattle, WA 98101-1820
206.682.0565  Fax: 206.625.1052

not, no worries, thanks so much! Aubry." Defendant denies all remaining allegations, inferences, and implications of Paragraph 5.14 of the Complaint.

5.15. Defendant admits that on that same afternoon (January 5, 2021), Ms. Miolla sent Plaintiff a reply stating in part: "Do you have time tomorrow afternoon to discuss by phone?" Defendant admits that Ms. Miolla made multiple attempts to schedule a call, that Plaintiff agreed to a call set for 1:00 pm EST on Friday, January 8, 2021 (three days later), and that Plaintiff did not participate in that scheduled call. Defendant denies any implication ("ultimately") that there was any delay in Defendant communicating its concerns to Plaintiff. Defendant denies all remaining allegations, inferences, and implications of Paragraph 5.15 of the Complaint.

5.16. Defendant admits that after Plaintiff did not participate in the phone call scheduled for 1:00 pm EST on January 8, 2021, and did not respond to Ms. Miolla's phone calls, Ms. Miolla emailed Plaintiff later on January 8, 2021, stating in part: "Aubry, since our communication on Tuesday, I've tried several times to get in touch with you to discuss a discrepancy in your interview responses. Since I have not heard back from you to resolve the discrepancy, I am rescinding the job offer that was extended to you on Monday January 4th." Defendant admits that Plaintiff then emailed Ms. Miolla back. Defendant admits that during a telephone conversation later on or about January 8, 2021, Ms. Miolla's supervisor reminded Plaintiff that Defendant's religious standards of conduct require that employees are not to engage in "any sexual conduct outside of a marriage" and World Vision "defines marriage as between a man and a woman." Defendant denies all remaining allegations, inferences, and implications of Paragraph 5.16 of the Complaint.

ANSWER AND AFFIRMATIVE DEFENSES   Page 8
CASE NO. 2:21-CV-00920-JLR

Ellis | Li | McKinstry
1700 Seventh Avenue, Suite 1810
Seattle, WA 98101-1820
206.682.0565  Fax: 206.625.1052

5.17. Defendant denies all allegations, inferences, and implications of Paragraph 5.17 of the Complaint.

5.18. Paragraph 5.18 of the Complaint sets forth a characterization of Plaintiff's claims to which no response is required. To the extent a response is required, Defendant denies all allegations, inferences, and implications of Paragraph 5.18 of the Complaint.

5.19. Paragraph 5.19 of the Complaint sets forth a characterization of Plaintiff's claims to which no response is required. To the extent a response is required, Defendant denies that Plaintiff has been unlawfully discriminated against and Defendant denies all allegations, inferences, and implications of Paragraph 5.19 of the Complaint.

5.20. Paragraph 5.20 of the Complaint sets forth a characterization of Plaintiff's claims to which no response is required. To the extent a response is required, Defendant denies that Paragraph 5.20 accurately and in good faith represents Defendant's policies and practices and Defendant denies all allegations, inferences, and implications of Paragraph 5.20 of the Complaint.

5.21. Paragraph 5.21 of the Complaint sets forth a characterization of Plaintiff's claims to which no response is required. To the extent a response is required, Defendant denies that Defendant intended to harm Plaintiff and Defendant denies all allegations, inferences, and implications of Paragraph 5.21 of the Complaint.

5.22. Paragraph 5.22 of the Complaint sets forth a characterization of Plaintiff's claims to which no response is required. To the extent a response is required, Defendant denies that Defendant's actions were unlawful, Defendant lacks sufficient information regarding how Plaintiff "feels" to admit or deny that allegation, and Defendant denies all allegations, inferences, and implications of Paragraph 5.22 of the Complaint.

ANSWER AND AFFIRMATIVE DEFENSES   Page 9
CASE NO. 2:21-CV-00920-JLR

Ellis | Li | McKinstry
1700 Seventh Avenue, Suite 1810
Seattle, WA 98101-1820
206.682.0565  Fax: 206.625.1052

5.23. Paragraph 5.23 of the Complaint sets forth a characterization of Plaintiff's claims to which no response is required. To the extent a response is required, Defendant denies all allegations, inferences, and implications of Paragraph 5.23 of the Complaint.

5.24. Paragraph 5.24 of the Complaint sets forth a characterization of Plaintiff's claims to which no response is required. To the extent a response is required, Defendant denies that its conduct was malicious, willful, outrageous, or unlawful, Defendant denies that its conduct provides any basis for punitive damages, and Defendant denies all allegations, inferences, and implications of Paragraph 5.24 of the Complaint.

## VI. FIRST CAUSE OF ACTION
## DISCRIMINATION UNDER TITLE VII

6.1. Responding to the allegations in Paragraph 6.1 of the Complaint, Defendant incorporates by reference each and every one of its responses above to the earlier allegations of the Complaint as if those responses were fully alleged herein.

6.2. Paragraph 6.2 sets forth a characterization of Plaintiffs' claims and states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies that its employment practices were unlawful in any way, Defendant denies that Plaintiff is entitled to any relief, and Defendant denies all allegations, inferences, and implications of Paragraph 6.2 of the Complaint.

6.3. Paragraph 6.3 sets forth a characterization of Plaintiffs' claims and states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies that its employment practices violate Title VII and Defendant denies all allegations, inferences, and implications of Paragraph 6.3 of the Complaint.

ANSWER AND AFFIRMATIVE DEFENSES
CASE NO. 2:21-CV-00920-JLR

Page 10

Ellis | Li | McKinstry
1700 Seventh Avenue, Suite 1810
Seattle, WA 98101-1820
206.682.0565  Fax: 206.625.1052

6.4. Paragraph 6.4 sets forth a characterization of Plaintiffs' claims and states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies that its employment practices were prohibited by 42 U.S.C. § 2000e, *et seq.*, or were unlawful in any way, and Defendant denies all allegations, inferences, and implications of Paragraph 6.4 of the Complaint.

### VII. SECOND CAUSE OF ACTION
### DISCRIMINATION UNDER RCW 49.60

7.1. Responding to the allegations in Paragraph 7.1 of the Complaint, Defendant incorporates by reference each and every one of its responses above to the earlier allegations of the Complaint as if those responses were fully alleged herein.

7.2. Paragraph 7.2 sets forth a characterization of Plaintiffs' claims and states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies that Paragraph 7.2 completely and accurately represents the Washington Law Against Discrimination, Defendant denies that its employment practices were unlawful in any way, and Defendant denies all remaining allegations, inferences, and implications of Paragraph 7.2 of the Complaint.

7.3. Paragraph 7.3 sets forth a characterization of Plaintiffs' claims and states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies all allegations, inferences, and implications of Paragraph 7.3 of the Complaint.

ANSWER AND AFFIRMATIVE DEFENSES   Page 11
CASE NO. 2:21-CV-00920-JLR

Ellis | Li | McKinstry
1700 Seventh Avenue, Suite 1810
Seattle, WA 98101-1820
206.682.0565  Fax: 206.625.1052

## VIII. AFFIRMATIVE DEFENSES

1. Plaintiff's claims under Title VII are barred pursuant to the religious employer exemption(s) ("ROE") provided in 42 U.S.C. § 2000e-1(a), which permits employment decisions based on religion (including all aspects of religious observance and practice as well as belief) and which provides that "this subchapter [Subchapter VI — Equal Employment Opportunities (42 U.S.C. §§ 2000e – 2000e–17)] shall not apply" to such religious employment decisions; and all available arguments thereunder. 42 U.S.C. § 2000e-1(a); 42 U.S.C. § 2000e(j). *Spencer v. World Vision, Inc.*, 570 F. Supp. 2d 1279 (W.D. Wash., 2008), *affirmed*, *Spencer v. World Vision, Inc.*, 633 F.3d 723 (9th Cir.), *reh'g en banc denied*, 633 F.3d 723, *cert. denied*, 565 U.S. 816 (2011).

2. Plaintiff's claims under Title VII are barred pursuant to the bona fide occupational qualification exception provided in 42 U.S.C. § 2000e-2(e)(1), which allows Defendant World Vision to make employment decisions based on its religion—including all aspects of religious observance and practice. 42 U.S.C. § 2000e(j).

3. Plaintiff's claims under the Washington Law Against Discrimination, RCW 49.60, are barred pursuant to the statutory religious employer exception provided in RCW 49.60.040(11) and available to Defendant World Vision, a religious or sectarian organization not organized for private profit.

4. To the extent that the statutory religious employer exception provided in RCW 49.60.040(11) might be interpreted not to protect Defendant World Vision, Plaintiff's claims under the Washington Law Against Discrimination, RCW 49.60, are subject to and cannot survive strict scrutiny pursuant to the Free Exercise Clause of the First Amendment to the U.S. Constitution, including without limitation on the grounds that such an interpretation would

ANSWER AND AFFIRMATIVE DEFENSES   Page 12
CASE NO. 2:21-CV-00920-JLR

Ellis | Li | McKinstry
1700 Seventh Avenue, Suite 1810
Seattle, WA 98101-1820
206.682.0565  Fax: 206.625.1052

confer a benefit on secular employers of under eight employees that it would deny to religious ("sectarian") nonprofit employers such as World Vision.

5. Plaintiff's claims under the Washington Law Against Discrimination, RCW 49.60, are barred pursuant to the bona fide occupational qualification exception provided in WAC 162-16-240 and 162-16-250.

6. Plaintiff's claims are barred, including without limitation in relation to subject-matter jurisdiction, pursuant to the religious autonomy doctrine under the First Amendment to the U.S. Constitution, which forbids state interference in matters of internal governance of religious organizations as well as in matters of faith and doctrine, and forbids state interference that might affect the way a religious organization carries out what it understands to be its religious mission.

7. Plaintiff's claims are barred pursuant to the ministerial exception under the First Amendment to the U.S. Constitution, which requires courts to stay out of employment disputes involving those holding certain positions with religious institutions, in light of such institutions' interest in choosing who will, among other things, preach or personify their beliefs, teach or serve as a voice for their faith, and carry out their mission.

8. Plaintiff's claims are barred pursuant to the prohibition on government entanglement with religion or religious questions under the Establishment Clause of the First Amendment to the U.S. Constitution.

9. Plaintiff's claims are barred pursuant to the doctrine of freedom of expressive association under the First Amendment to the U.S. Constitution, which forbids the government from taking actions that would significantly affect Defendant World Vision's ability to advocate public or private viewpoints.

ANSWER AND AFFIRMATIVE DEFENSES  Page 13
CASE NO. 2:21-CV-00920-JLR

Ellis | Li | McKinstry
1700 Seventh Avenue, Suite 1810
Seattle, WA 98101-1820
206.682.0565  Fax: 206.625.1052

10. Plaintiff's claims are barred pursuant to the Assembly Clause of the First Amendment to the U.S. Constitution, which protects Defendant World Vision's rights to engage in otherwise lawful religious and speech activities with persons of its choosing.

11. Plaintiff's claims are barred pursuant to the First Amendment to the U.S. Constitution because enforcement of the laws invoked by Plaintiff against Defendant World Vision would violate World Vision's rights thereunder, including, but not limited to, by not being neutral and generally applicable and by infringing World Vision's rights under the individualized assessments doctrine and the hybrid rights doctrine.

12. Plaintiff's claims are barred pursuant to the Free Exercise Clause of the First Amendment to the U.S. Constitution.

13. Plaintiff's claims are barred pursuant to the Establishment Clause of the First Amendment to the U.S. Constitution.

14. Plaintiff's claims are barred pursuant to the Free Speech Clause of the First Amendment to the U.S. Constitution.

15. Plaintiff's claims are barred pursuant to the Free Assembly Clause of the First Amendment to the U.S. Constitution.

16. Plaintiff's claims are barred pursuant to the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution.

17. Plaintiff's claims are barred pursuant to the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution.

18. Plaintiff's claims are barred pursuant to the Due Process Clause of the Fifth Amendment to the U.S. Constitution.

ANSWER AND AFFIRMATIVE DEFENSES   Page 14
CASE NO. 2:21-CV-00920-JLR

Ellis | Li | McKinstry
1700 Seventh Avenue, Suite 1810
Seattle, WA 98101-1820
206.682.0565  Fax: 206.625.1052

19. Plaintiff's state law claims are barred pursuant to the religious freedom provisions of the Washington Constitution, including but not limited to Article I, Section 11 of the Washington Constitution.

20. Plaintiff's state law claims are barred pursuant to Article I, Section 4 of the Washington State Constitution and its protection of Defendant World Vision's rights of freedom of association.

21. Plaintiff's state law claims are barred pursuant to Article I, Section 5 of the Washington State Constitution and its protection of Defendant World Vision's rights of free speech and of selecting those who will speak on its behalf.

22. Plaintiff's claims are barred pursuant to the doctrine of constitutional avoidance, which requires courts to avoid applying a statute in a way that raises serious constitutional questions unless there is a clear expression of an affirmative intention by the legislature to do so.

23. Plaintiff's federal claims are barred pursuant to the federal Religious Freedom Restoration Act, 42 U.S.C. § 2000bb-1 *et seq*.

24. The acts alleged by Plaintiff do not amount to an adverse employment action.

25. Defendant World Vision's actions were motivated by religious conviction, not by sex, sexual orientation, marital status, or protected activities or characteristics.

26. Plaintiff's violations of Defendant World Vision's religious beliefs and religious standards of conduct were a legitimate, nondiscriminatory reason for Defendant's actions.

27. Defendant World Vision's religious conduct standard against sexual activity outside of Biblical marriage that Plaintiff violated is rooted in World Vision's protected religious beliefs and religious exercise.

ANSWER AND AFFIRMATIVE DEFENSES   Page 15
CASE NO. 2:21-CV-00920-JLR

Ellis | Li | McKinstry
1700 Seventh Avenue, Suite 1810
Seattle, WA 98101-1820
206.682.0565  Fax: 206.625.1052

28. Plaintiff's claims stemming from her sexual activity outside of Biblical marriage are not protected by Title VII.

29. Plaintiff's breach of her employment agreement with Defendant World Vision was a legitimate, nondiscriminatory reason for World Vision's employment actions, including without limitation rescinding its employment offer to Plaintiff.

30. Plaintiff's claims and actions are barred by Plaintiff's failure to satisfy all requirements under Title VII to proceed with Plaintiff's action in court.

31. Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant World Vision or to otherwise avoid harm.

32. Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to exercise good faith in her dealings with Defendant World Vision.

33. Plaintiff's claims are barred, in whole or in part, because Defendant World Vision acted reasonably and in good faith at all times relevant herein, based on the relevant facts and circumstances known by it at the time it acted.

34. Even if it were determined that Defendant World Vision impermissibly considered Plaintiff's sex, sexual orientation, or any unlawful factor in its employment action with respect to Plaintiff, World Vision nevertheless would have taken the same action in the absence of the impermissible factor(s), thus barring Plaintiff's claim in whole or in part.

35. Plaintiff has failed to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), including without limitation by failing to plead sufficient facts for all elements of her state-law claims.

36. Plaintiff's claims for certain damages, including without limitation punitive damages, are barred or limited by the United States and Washington State Constitutions, Title

ANSWER AND AFFIRMATIVE DEFENSES  Page 16
CASE NO. 2:21-CV-00920-JLR

Ellis | Li | McKinstry
1700 Seventh Avenue, Suite 1810
Seattle, WA 98101-1820
206.682.0565  Fax: 206.625.1052

VII, 42 U.S.C. § 1981a, and other federal and state laws prescribing available damages for such claims.

37. Plaintiff's claims for certain damages, including without limitation punitive damages, are barred by Defendant World Vision's good faith efforts to comply with the law, including its good faith belief that its conduct was subject to statutory exemptions, constitutional protections, or both.

38. Plaintiff's claims for damages are barred by Plaintiff's failure to mitigate or by successful mitigation, including new employment.

39. Plaintiff's claims and requests for relief are barred pursuant to the doctrine of unclean hands.

40. Plaintiff's claims are barred because Defendant World Vision reasonably relied to its detriment upon representations, promises, and/or actions of Plaintiff.

41. Plaintiff's claims for damages are barred, in whole or in part, because if any emotional distress were suffered by Plaintiff, it was proximately caused by factors other than an act or omission of Defendant World Vision.

42. Plaintiff's claims are barred, in whole or in part, by waiver and/or estoppel.

43. Plaintiff's claims are barred, in whole or in part, by fraud.

44. Defendant World Vision reserves the right to assert such other valid defenses as may become apparent throughout the development of the case or during the course of discovery or the trial in this matter.

## IX.     PRAYER FOR RELIEF

Defendant denies Plaintiff's request for relief in its entirety. Defendant further denies that Plaintiff is entitled to any form of relief against Defendant whatsoever (including but not limited to actual damages, punitive damages, declaratory relief,

ANSWER AND AFFIRMATIVE DEFENSES         Page 17
CASE NO. 2:21-CV-00920-JLR

Ellis | Li | McKinstry
1700 Seventh Avenue, Suite 1810
Seattle, WA 98101-1820
206.682.0565  Fax: 206.625.1052

1  injunctive relief, lost wages, benefits, compensatory damages, punitive damages,
2  costs, expenses of litigation, attorney's fees, costs, prejudgment interest, or any of the
3  other means of relief requested).
4      Defendant further denies every allegation of the Complaint not specifically
5  admitted above.
6      WHEREFORE, Defendant World Vision, Inc. respectfully requests that the
7  Court dismiss the Plaintiffs' Complaint with prejudice, award Defendants their
8  reasonable costs and attorneys' fees in this matter, and grant such other relief to
9  Defendant World Vision, Inc. as the Court deems appropriate.
10     DATED this August 4, 2021

ELLIS, LI & McKINSTRY PLLC

By:  *s/ Nathaniel L. Taylor*

Nathaniel L. Taylor, WSBA No. 27174
Abigail J. St. Hilaire, WSBA No. 48194
1700 Seventh Avenue, Suite 1810
Seattle, WA 98101-1820
Telephone: (206) 682-0565
Fax: (206) 625-1052
Email: ntaylor@elmlaw.com
Email: asthilaire@elmlaw.com

GAMMON & GRANGE, P.C.
Scott J. Ward, VSB #37758
   (admitted pro hac vice)
J. Matthew Szymanski, VSB # 33150
   (admitted pro hac vice)
8280 Greensboro Drive, # 140
McLean, Virginia 22102
Telephone: (703) 761-5012
Fax: (703) 761-5030
Email: SJW@gg-law.com
Email: JMS@gg-law.com

Attorneys for Defendant
World Vision, Inc.