Hon. James L. Robart

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| AUBRY MCMAHON, <br><br> Plaintiff, <br><br> v. <br><br> WORLD VISION, INC., <br><br> Defendant. | Case No.: 2:21-cv-00920-JLR <br><br> **PLAINTIFF'S MOTIONS *IN LIMINE*** <br><br> NOTE ON MOTION CALENDAR: <br> JUNE 16, 2023 |

## INTRODUCTION

Plaintiff Aubry McMahon ("Plaintiff") requests four pre-trial evidentiary rulings by the Court, which are precluding the introduction of any evidence by Defendant related to: (1) Plaintiff engaging in sexual conduct with anyone; (2) Plaintiff's history of her sexual identity and the disclosures made to her family as to her sexual orientation; (3) Plaintiff having previously suffered from an eating disorder; and (4) Plaintiff's activism for LGBTQ rights including, inter alia, her involvement with the Charlotte Area Liberal Moms group (abbreviated CALM), Timeout Youth, or selling homemade items online that contain pro-LGBTQ messaging.

## STATEMENT OF FACTS

**A. Statement of Case.**

This case is one involving discrimination on the basis of sex, sexual orientation and marital status brought under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Washington Law Against Discrimination ("WLAD"), Rev. Code Wash. ("RCW") § 49.60.

PLAINTIFF'S MOTIONS *IN LIMINE* - 1
Case No. 2:21-CV-00920-JLR

NISAR LAW GROUP, P.C.
60 East 42nd Street, Ste. 4600
New York, NY 10165
Ph: (646) 889-1007

Plaintiff, who is a gay woman in a same-sex marriage, contends that Defendant World Vision, Inc. ("Defendant" or "World Vision") rescinded its job offer to her for the position of customer service representative because it learned she was in a same-sex marriage. Defendant took this action in furtherance of a hiring policy that facially discriminates against individuals with respect to sex, sexual orientation, and marital status as the policy effectively prohibits the employment of any individual who is in a same-sex marriage.

**Certification.**

The parties conferred through counsel on May 18, 22, 24, and 25, 2023, in an effort to resolve the matters in dispute. Issues upon which no agreement could be reached are addressed below, as are the facts pertinent to each issue.

## LEGAL ARGUMENT

Motions *in limine* arise from "the court's inherent power to manage the course of trials" and "exclude anticipated prejudicial or irrelevant evidence before it is actually offered at trial." *Luce v. United States*, 469 U.S. 38, 40 n.2, 41 n.4 (1984). Motions *in limine* also promote "judicial economy" and "save jury time." *See United States v. Cook*, 608 F.2d 1175, 1186 (9th Cir. 1979), *overruled on other grounds by Luce*, 469 U.S. at 40, n.3. "A party may bring a motion *in limine* to obtain a ruling on the admissibility of specific evidence to be *introduced at trial*." *Nelson v. Paulson*, C08-1034-JCC, 2008 U.S. Dist. LEXIS 128803, at *1 (W.D. Wash. Dec. 15, 2008) (emphasis in original). The trial court has discretion to admit or deny a motion *in limine. See U.S. Fid. & Guar. Co. v. Lee Inv. LLC*, 641 F.3d 1126, 1137 (9th Cir. 2011) (reviewing district court's order on motions *in limine* for abuse of discretion).

**MOTION *IN LIMINE* 1:**   **Precluding any Evidence Relating to Plaintiff Engaging in Sexual Conduct Outside Heterosexual Marriage**

As touched upon in Plaintiff's Opposition to Defendant's Motion for Summary Judgment, Defendant sought to reframe its decision to revoke Plaintiff's job offer as being based on her purported sexual conduct as opposed to her protected traits of sex (female), sexual orientation (gay), and marital status (being in a same-sex marriage). Dkt. No. 30. Defendant

PLAINTIFF'S MOTIONS *IN LIMINE* - 2
Case No. 2:21-CV-00920-JLR

NISAR LAW GROUP, P.C.
60 East 42nd Street, Ste. 4600
New York, NY 10165
Ph: (646) 889-1007

alleged in its moving papers that "[n]either sexual conduct outside of biblical marriage, nor the class of those who promote it, is protected by Title VII," Dkt. No. 26 at p. 13 (quotation and citation omitted), and further, "[World Vision] rescinded her offer because of her *sexual conduct outside biblical marriage* and such conduct (or its open promotion) required the same result regardless of gender (or [sexual] orientation)." Dkt. No. 26 at pp. 13-14 (citation omitted).

Relevance is the threshold evidentiary hurdle all admissible evidence must meet. *See, e.g., Bultena v. Wash. State Dep't of Agric.*, 319 F. Supp. 3d 1215, 1220 (E.D. Wash. 2018). Rule 401 of the Federal Rules of Evidence states that relevant evidence is evidence "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401; *Garcia v. Praxair, Inc.*, Case No. 1:18-cv-01493-SAB, 2021 U.S. Dist. LEXIS 1329, at *19 (E.D. Cal. Jan. 5, 2021) (facts learned after deciding to take adverse employment action is not probative of whether the decision maker was aware of these facts when he or she made the decision). Here, nowhere in the record is there any evidence that Defendant asked Plaintiff, prior to rescinding its job offer to her, whether she was engaging in sexual conduct with her wife. All Defendant knew was that Plaintiff was in a same-sex marriage and she was having a baby. For all Defendant knew, Plaintiff and her wife were in a celibate, platonic marriage. Accordingly, Defendant should not be permitted to introduce any evidence at trial that Plaintiff was (or is) engaged in sexual conduct with her wife or any other person outside a heterosexual marriage.

**MOTION *IN LIMINE* 2:    Precluding any Evidence Relating to the History of Plaintiff's Sexual Identity and the Disclosures Made to Her Family as to Her Sexual Orientation**

During Plaintiff's deposition, certain testimony was elicited as to Plaintiff's personal journey regarding her sexual identity. These questions included: "I'd like to ask you some [questions] about how you came to decide that you are same-sex attracted as it were," Tr. at

PLAINTIFF'S MOTIONS *IN LIMINE* - 3
Case No. 2:21-CV-00920-JLR

NISAR LAW GROUP, P.C.
60 East 42nd Street, Ste. 4600
New York, NY 10165
Ph: (646) 889-1007

85:21-23, and "Can you take me back to the start of the journey where you came to that recognition [that you were a lesbian]?" Tr. at 86:2-8. There were also questions asked (and responses given) relating to disclosing to her family of her sexual orientation. One such question was: "So it sounds like there was a point where you told people, like your family, [of your sexual orientation] … is that right?" Tr. at 88:5-10. Further, another line of questioning elicited a response relating to how Plaintiff's family reacted to the news of Plaintiff "coming out" and the lack of support initially extended by her family to her being gay. Tr. at 92:15-93:10.

Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence." Fed. R. Evid. 401(a). "The Court may exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. However, "[i]rrelevant evidence is not admissible." Fed. R. Evid. 402. Further, Rule 403 contemplates the preclusion of evidence that "'appeals to emotion in ways that seem likely to overpower reason' or evidence likely to be misused for an improper purpose." *Mendez v. Reinforcing Ironworkers Union Local 416*, 2:09-CV-02332-LRH-NJK, 2013 U.S. Dist. LEXIS 4068, at *6 (D. Nev. Jan. 7, 2013) (quoting 1 Christopher B. Mueller & Laird C. Kirkpatrick, Federal Evidence § 4:13 (3d ed. 2012)).

Here, testimony related to Plantiff's personal journey in coming to realize that she was gay is wholly irrelevant to any claim or defense in this matter. It is undisputed that at the time Plaintiff applied for the customer service position with World Vision, she identified as a "lesbian" or simply "gay." Tr. at 91:11-19; 92:1-2. Any evidence as to how she understood her sexual identity or her personal journey to recognizing her sexual orientation (and that she was indeed gay) is irrelevant. Further, none of this information was known by Defendant at any time prior to Plaintiff's deposition, which took place on February 24, 2023 (more than two years after her job offer had been revoked), and clearly played no role in Defendant's decision relating to that revocation. This information also runs the risk of appealing to emotion or which

PLAINTIFF'S MOTIONS *IN LIMINE* - 4
Case No. 2:21-CV-00920-JLR

NISAR LAW GROUP, P.C.
60 East 42nd Street, Ste. 4600
New York, NY 10165
Ph: (646) 889-1007

could be misused for an impoper purpose. Plaintiff fears that information relating to her journey in understanding her sexual orientation could be weaponized by Defendant to exploit destructive stereotypes in hopes that it may resonate with jurors' potential biases. This, in and of itself, also warrants preclusion.

With respect to evidence relating to Plaintiff "coming out" to her family and her family's initial non-acceptance of her sexual orientation, such information is irrelevant in this matter. Defendant was never aware of this at any point and it played no role in its decision to rescind her job offer. Also, this subject matter can be very painful for an openly gay person to revisit, and unless unquestionably relevant (of which here there is no relevance), this further inures to preclusion.

**MOTION *IN LIMINE* 3:   Precluding any Evidence Relating to Plaintiff Having Previously Suffered from an Eating Disorder**

At Plaintiff's deposition, she was asked certain questions relating to a book she wrote called "Still I Rise," the contents of which included her struggles with an eating disorder. Specifically, Plaintiff testified that she struggled with an eating disorder in high school and then into college and as to the treatment she received as a result. Tr. at 58-60. Plaintiff also discussed the impact this had on her family (describing it as a "huge shock" when her family came to learn about it, Tr. at 61:1-6).

Plaintiff submits this information is also irrelevant to any claim or defense in this case and should be precluded. Further, to the extent that Defendant posits that it should be permitted to explore this subject matter as it potentially touches upon the causes of any emotional distress suffered by Plaintiff, such averment should be rejected as wholly speculative and lacking any evidentiary foundation. Plaintiff was indeed asked about whether and how the rescission of the job offer impacted her "health and wellbeing," Tr. at 250:19-25, however, Defendant did not inquire as to whether the emotional distress from which Plaitniff suffered (or from which she currently suffers) is instead attributable to an eating disorder she experienced in her youth. It's

PLAINTIFF'S MOTIONS *IN LIMINE* - 5
Case No. 2:21-CV-00920-JLR

NISAR LAW GROUP, P.C.
60 East 42nd Street, Ste. 4600
New York, NY 10165
Ph: (646) 889-1007

1  unknown why Defendant didn't probe this topic. Further, Defendant could have sought
2  Plaintiff to submit to an independent medical examination in order to discern the root(s) of any
3  emotional distress, but instead chose not to. In any event, to suggest Plaintiff's emotional
4  distress damages are the result of her eating disorder lacks any evidentiary foundation and any
5  averment would be purely speculative. Lastly, this topic involves a very personal and sensitve
6  subject matter which sould be disallowed to be discussed at trial unless absolutely relevant and
7  necessary, which isn't the circumstance here.

**MOTION *IN LIMINE* 4:** Precluding any Evidence Relating to Plaintiff's Activism for LGBTQ Rights Including, Inter Alia, Her Involvement with the Charlotte Area Liberal Moms Group (Abbreviated CALM), Timeout Youth, or Selling Homemade Items Online that Contain Pro-LGBTQ Messaging

During Plaintiff's deposition, she was asked various questions regarding the activism by her and her wife in the LGBTQ community. In response, Plaintiff testfiied that she was involved in an organization in the Charlotte, North Carolina area called "Timeout Youth," which is an organization that hosts kids after school and provides resources if somebody may be transgender or questioning one's sexual identity or sexuality. Plaintiff also explained that her wife volunteers for this organization in the summers. Tr. at 63:2-19. Further, Plaintiff stated that she and her wife stay active in the LGBTQ community including "attending the Charlotte Pride," Tr. at 63:17-19 (whch is a festival celebrating LGBTQ rights) and being active in a group called Charlotte Area Liberal Moms (abbreviated CALM), which Plaintiff explained was an organization of "moms helping moms, but also supporting businesses that are LGBTQ friendly and inclusive." Tr. at 63:20-24.

Defendant also inquired as to Plaintiff selling homemade items online which contained pro-LGBTQ messaging. (Anecdotally, Plaintiff was also asked about selling homemade items containing positive messaging relating to overcoming eating disorders. Tr. at 70:11-17.) Insofar as is relevant, Plaintiff stated that she creates certain items including t-shirts and

PLAINTIFF'S MOTIONS *IN LIMINE* - 6
Case No. 2:21-CV-00920-JLR

NISAR LAW GROUP, P.C.
60 East 42nd Street, Ste. 4600
New York, NY 10165
Ph: (646) 889-1007

magnets containing, inter alia, the CALM insignia as well as a rainbow, which is the color scheme associated with the LGBTQ community. Tr. at 73-77. Plaintiff notably also created a t-shirt that has a quote on it that reads "Love is a terrible thing to hate" which includes a rainbow on it. Tr. at 77:17-24.

This involvement by Plaintiff and her wife in the LGBTQ community is wholly unrelated the adverse employment action taken by Defendant and is irrelevant to any claim or defense in this action. There is absolutely no evidence that their involvement, either individually or together, played any role in Defendant's decision to rescind its job offer. Furthermore, there is no evidence that World Vision was so much as even aware of Plaintiff's activism efforts or that she sold mechandise online with pro-LGBTQ messaging. In fact, this only became known to Defendant at Plaintiff's deposition. Rather, it is undisputed that Plaintiff's job offer was rescinded upon World Vision becoming aware that Plaintiff was in a same-sex marriage. Further, allowing Defendant to delve into this subject matter runs the risk of appealing to the emotions of jurors as to their feelings (and potential disagreement) on LGBTQ rights issues and could be misused for the improper purpose of playing towards destructive stereotypes. *See Mendez*, 2013 U.S. Dist. LEXIS 4068, at *6. As such, preclusion is warranted.

## CONCLUSION

For the foregoing reasons, Plaintiff requests that the Court order that Defendant be precluded from introducing any evidence related to: (1) Plaintiff engaging in sexual conduct with anyone; (2) Plaintiff's history of her sexual identity and the disclosures made to her family as to her sexual orientation; (3) Plaintiff having previously suffered from an eating disorder; and (4) Plaintiff's activism for LGBTQ rights including, inter alia, her involvement with the Charlotte Area Liberal Moms group (abbreviated CALM), Timeout Youth, or selling homemade items online that contain pro-LGBTQ messaging.

RESPECTFULLY SUBMITTED this 30th day of May 2023.

**NISAR LAW GROUP, P.C.**

PLAINTIFF'S MOTIONS *IN LIMINE* - 7
Case No. 2:21-CV-00920-JLR

NISAR LAW GROUP, P.C.
60 East 42nd Street, Ste. 4600
New York, NY 10165
Ph: (646) 889-1007

1
2                                                 By: */s/ Casimir Wolnowski*
                                                 Casimir Wolnowski
3                                                 One Grand Central Place
                                                 60 East 42nd Street, Suite 4600
4                                                 New York, New York 10165
                                                 Phone: (646) 889-1007
5                                                 Fax:  (516) 604-0157
                                                 Email : cwolnowski@nisarlaw.com
6                                                 Admitted *Pro Hac Vice*

7                                                 **FRANK FREED SUBIT & THOMAS LLP**

8
9                                                 By: */s/ Michael C. Subit*
                                                 Michael C. Subit, WSBA No. 29189
10                                               705 Second Avenue, Suite 1200
                                                 Seattle, Washington 98104
11                                               Phone: (206) 682-6711
                                                 Fax:  (206) 682-0401
12                                               Email: msubit@frankfreed.com

13                                               *Attorneys for Plaintiff*

14
15
16
17
18
19
20
21
22
23
24
25
26
27

PLAINTIFF'S MOTIONS *IN LIMINE* - 8
Case No. 2:21-CV-00920-JLR

NISAR LAW GROUP, P.C.
60 East 42nd Street, Ste. 4600
New York, NY 10165
Ph: (646) 889-1007