THE HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AUBRY MCMAHON,<br><br>    Plaintiff,<br><br>vs.<br><br>WORLD VISION, INC.<br><br>    Defendant. | CASE NO. 2:21-CV-00920-JLR<br><br>DEFENDANT WORLD VISION'S OPPOSITION TO PLAINTIFF'S MOTIONS IN LIMINE |

Defendant World Vision Inc. ("Defendant" or "World Vision") submits this Opposition to Plaintiff's Motions *In Limine* ("MIL"). Plaintiff's four motions *in limine* seek four pre-trial evidentiary rulings by the Court completely "precluding the introduction of evidence *by Defendant*" (MIL at p.1; italics added) related to four areas, contending that such evidence is unquestionably irrelevant to any issues in this action. It would be premature, unnecessary, and prejudicial to Defendant for this Court to grant Plaintiff any order excluding Defendant from introducing all such evidence in advance of trial, for the reasons set forth below.

## STATEMENT OF FACTS

A. **Statement of the Case.**

The case arises from World Vision's rescission of Plaintiff's job offer after she disclosed her same-sex marriage ("SSM"). The reason is undisputed. It is enforcement of World Vision's prohibition against "sexual conduct outside the Biblical covenant of marriage between a man and a woman." Standards of Conduct for Employees, 2 (WV36); Complaint ¶5.16; Answer ¶5.16; Pls. Dep. at 238. On that basis, Plaintiff asserts two sex-related claims, one under Title VII and one under WLAD. But both claims arise from and are inextricably tied to her disagreement with World Vision's understanding of Christian love and marriage from Scripture. *See* Defendant's Motion for Summary Judgment ("MSJ"), Dkt. #26. Evidence of Plaintiff's disagreement or noncompliance with Defendant's religious understanding of the Biblical covenant of marriage is thus relevant to the issues in this case.

In the course of the parties' conferences among counsel in an effort to resolve the matters in dispute, Defendant explained that at this time, it is unlikely that Defendant would put on evidence in the areas covered by Plaintiff's MILs #1, 2, and 3 as part of Defendant's affirmative case-in-chief. But Defendant noted that to the extent that Plaintiff might seek to introduce evidence on specific topics, Plaintiff would be putting opening the door to such evidence, and Defendant reserved the right to introduce such evidence at that time.

## LEGAL ARGUMENT

Rulings on motions *in limine* fall within the Court's discretion. *United States v. Bensimon*, 172 F.3d 1121, 1127 (9th Cir. 1999) (citing *Luce v. United States*, 10 469 U.S. 38,

41-42 (1984)). "Rules 401 and 402 establish the broad principle that relevant evidence—evidence that makes the existence of any fact [that is of consequence] more or less probable—is admissible unless the Rules provide otherwise." *Huddleston v. United States*, 485 U.S. 681, 687 (1988). Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401. *United States v. Boulware*, 384 F.3d 794, 805 (9th Cir. 2004).

Evidence is excluded on a motion in limine only if the evidence is clearly inadmissible for any purpose. *Mathis v. Milgard Mfg., Inc.*, No. 316CV02914BENJLB, 2019 WL 482490, at *1 (S.D. Cal. Feb. 7, 2019). If evidence is not clearly inadmissible, evidentiary rulings should be deferred until trial to allow questions of foundation, relevancy, and prejudice to be resolved in context. *See Bensimon*, 172 F.3d at 1127 (when ruling on a motion in limine, a trial court lacks access to all the facts from trial testimony). Denial of a motion *in limine* does not mean that the evidence contemplated by the motion will be admitted at trial. *Id.* Instead, denial means that the court cannot, or should not, determine whether the evidence in question should be excluded before trial. *Id.*; *see also McSherry v. City of Long Beach*, 423 F.3d 1015, 1022 (9th Cir. 2005) (rulings on motions *in limine* are subject to change when trial unfolds).

"Evidence should be excluded on a motion in limine only when the evidence is clearly inadmissible on all potential grounds." *Turner v. Univ. of Wash.*, No. C05-1576RSL, 2007 WL 2984682, at *1 (W.D. Wash. Oct. 10, 2007). *See also Hawthorne Partners v. AT&T Tech., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993) (that a motion in limine to

DEF. WORLD VISION'S OPPOSITION TO PLAINTIFF'S MOTIONS *IN LIMINE*
CASE NO. 2:21-CV-00920-JLR
Page 3

Ellis | Li | McKinstry
1700 Seventh Avenue, Suite 1810
Seattle, WA 98101-1820
206.682.0565  Fax: 206.625.1052

exclude evidence should be granted only "when evidence is clearly inadmissible on all potential grounds . . . [and] [u]nless evidence meets this high standard, evidentiary rulings should be deferred until trial")). The threshold requirement for relevance is low: evidence with any tendency to make a consequential fact more or less probable is relevant. Fed. R. Ev. 401. *Gaco W., LLC v. Polo Int'l, Inc.*, No. C13-01579, 2014 WL 12674272, at *1 (W.D. Wash. Oct. 24, 2014).

**MOTION IN LIMINE 1: PRECLUDING ANY EVIDENCE RELATING TO PLAINTIFF ENGAGING IN SEXUAL CONDUCT OUTSIDE HETEROSEXUAL MARRIAGE**

Plaintiff's MIL #1 contends that all evidence of Plaintiff's engaging in sexual conduct outside of heterosexual marriage is completely irrelevant to any issues in this lawsuit. On that unsupported basis, Plaintiff seeks the extremely broad and one-sided exclusion that **"**Defendant should not be permitted to introduce any evidence at trial that Plaintiff was (or is) engaged in sexual conduct with her wife or any other person outside a heterosexual marriage.**"** MIL at 3.

Yet the undisputed evidence in this case is that Defendant defines *marriage* – particularly, but not exclusively in its religious Standards of Conduct, as the "Biblical covenant … between a man and a woman." *See* Melanie Freiberg Declaration ("MF"), Dkt. 28, at ¶¶41, 42-46, 49, and Exhibit MF-18 (Standards of Conduct), Dkt. 28-18. In WV's view, the Bible confines the "express[ion of] sexuality solely within a faithful marriage between a man and a woman." MF ¶42. WV seeks to "honor this Biblical model of a monogamous heterosexual marriage." MF ¶¶42, 47. For WV, any sexual

conduct outside this *biblical covenant* — "being sexually active with someone other than your spouse of the opposite sex" — is a sin and, like any other sin, requires "repentance when we fail." MF ¶44. To WV, SSM reflects "open, ongoing, unrepentant" sin contrary to its "deeply held belief that marriage is a Biblical covenant between a man and a woman." *Id.*[1]

Defendant's witnesses testified repeatedly at deposition that the reason for rescission of the job offer here was enforcement of World Vision's prohibition against "sexual conduct outside the Biblical covenant of marriage between a man and a woman." Standards of Conduct, Dkt. 28-18; Pls. Dep., Dkt. 25, at 238. Talbot Dep., Dkt. 25, at 26-27; Freiberg Dep, Dkt. 28. Plaintiff's MIL #1 thus seeks to exclude evidence about the central issue in this case – the application of World Vision's religious Standards of Conduct to its employees.

World Vision's religious understanding of marriage is that it includes "sexual conduct" in some form. This is not an unreasonable understanding, but, more importantly, it is an expressly religious understanding. Plaintiff's MIL asserts that "[f]or all Defendant knew, Plaintiff and her wife were in a celibate, platonic marriage." MIL at 3. But it is for Plaintiff to establish that her marriage involved absolutely no

---

[1] "People of any sexual orientation can work at World Vision as long as they agree with our statement of faith and abide by our conduct policy. [We hire] people who live out biblical standards of conduct. We expect all employees, regardless of sexual orientation, to live by these standards, outlined in our conduct policy, including remaining celibate outside of marriage. It's our deeply held belief that marriage is a Biblical covenant between a man and a woman. This is made clear to people applying to work at World Vision. [O]ur stance [reflects] our interpretation of Scripture." MF ¶45 (emphasis added). *See also id.* (listing policies).

DEF. WORLD VISION'S OPPOSITION TO
PLAINTIFF'S MOTIONS *IN LIMINE*
CASE NO. 2:21-CV-00920-JLR

Page 5

Ellis | Li | McKinstry
1700 Seventh Avenue, Suite 1810
Seattle, WA 98101-1820
206.682.0565  Fax: 206.625.1052

"sexual conduct" whatsoever and to contravene Defendant's religious understanding that marriage inherently involves "sexual conduct" in some form. And to the extent that Plaintiff attempts to introduce evidence on that point, Plaintiff opens a door and Defendant is equally or more entitled to introduce contrary evidence.

Plaintiff's MIL fails to establish that all such evidence is completely irrelevant to any issues in this case. Moreover, to preclude Defendant (and only Defendant, as Plaintiff's MIL asks this Court to do) prior to trial from introducing any evidence whatsoever on these topics is premature, one-sided, and prejudicial to Defendant. It will be sufficient to address any issues of relevance and exclusion at the time that either party attempts to introduce evidence on such topics.

**MOTION *IN LIMINE* 2: PRECLUDING ANY EVIDENCE RELATING TO THE HISTORY OF PLAINTIFF'S SEXUAL IDENTITY AND THE DISCLOSURES MADE TO HER FAMILY AS TO HER SEXUAL ORIENTATION**

Plaintiff's MIL #2 contends that all evidence relating to the history of Plaintiff's sexual identity and the disclosures made to her family as to her sexual orientation is not only completely irrelevant, but also prejudicial and thus must be entirely excluded prior to trial. MIL at 4. Granting Plaintiff's requested exclusion would be at best premature and likely unnecessary, but in any event would be prejudicial to Defendant.

First, as Defendant's counsel communicated to Plaintiff's counsel during the parties' conferences about these matters, Defendant at this time does not envision introducing evidence on this topic as part of its affirmative case-in-chief. But Defendant was not willing to agree to a one-sided stipulation that precluded only

DEF. WORLD VISION'S OPPOSITION TO   Page 6
PLAINTIFF'S MOTIONS *IN LIMINE*
CASE NO. 2:21-CV-00920-JLR

Ellis | Li | McKinstry
1700 Seventh Avenue, Suite 1810
Seattle, WA 98101-1820
206.682.0565  Fax: 206.625.1052

Defendant from introducing such evidence and that did not allow Defendant to introduce such evidence if Plaintiff's evidence "opened the door." Thus, it is unlikely that this issue will arise at trial. But if it does, it can easily be addressed by the Court at that time.

Second, to the extent that such evidence may become relevant due to Plaintiff's presentation of her case, it should not be excluded as prejudicial under Fed. R. Evid. 403. "Relevant evidence is inherently prejudicial; but it is only unfair prejudice, substantially outweighing probative value, which permits exclusion of relevant matter under Rule 403." *See United States v. Hankey*, 203 F.3d 1160, 1172 (9th Cir. 2000) (citation omitted). "In weighing the probative value of evidence against the dangers and considerations enumerated in Rule 403, the general rule is that the balance should be struck in favor of admission." *United States v. Dennis,* 625 F.2d 782, 797 (8th Cir.1980); *see also United States v. Dodds,* 347 F.3d 893, 897 (11th Cir.2003) (noting that Rule 403 is "an extraordinary remedy which the district court should invoke sparingly, and [t]he balance ... should be struck in favor of admissibility"). That balance can only properly be struck at trial.

**MOTION IN LIMINE 3: PRECLUDING ANY EVIDENCE RELATING TO PLAINTIFF HAVING PREVIOUSLY SUFFERED FROM AN EATING DISORDER**

Plaintiff's MIL #3 seeks to exclude contends that any evidence relating to Plaintiff having previously suffered from an eating disorder. Plaintiff's MIL raises these unfounded fears simply because at Plaintiff's deposition, she was asked question about a book she had written called "Still I Rise," and in her answer to those questions

about her book, Plaintiff brought up her eating disorder. *See* Plfs. Dep., Dkt. 27-1, at 68:19-60:25. The question asked only about her book, yet Plaintiff's answer went on for more than two pages of the transcript talking about her eating disorder. The fact that Plaintiff herself introduced that topic should not be a basis for the Court to grant Plaintiff's request to preclude any evidence on that topic.

Here too, Defendant's counsel communicated to Plaintiff's counsel during the parties' conferences about these matters that Defendant at this time does not envision introducing evidence on this topic as part of its affirmative case-in-chief, but reserves the right to introduce such evidence should it become relevant based upon Plaintiff's presentation of her case.

In her Pretrial Statement served upon Defendant, Plaintiff has indicated that at trial she will introduce evidence – as yet unidentified – of the alleged emotional, financial, and other impacts she has suffered as a result of Defendant's rescission of her job offer. Plaintiff has not yet identified the evidence that Plaintiff will present to support such claims, but it appears that it will come entirely from testimony by Plaintiff and her spouse. Plaintiff's Pretrial Statement identifies only twelve (12) exhibits for trial, all documents produced by Defendant World Vision in the course of discovery. None of those twelve exhibits goes to the issues of emotional, financial, or any other aspect of Plaintiiff's alleged damages. Plaintiff will not put on any expert witnesses.

Plaintiff's Pretrial Statement identifies only two witnesses who might testify as to emotional and other damages to Plaintiff. Plaintiff "will testify as to all relevant facts

related to liability and damages in this matter," and her spouse will "testify about her knowledge of the emotional and financial impact of Defendant's conduct on Plaintiff." Plaintiff has provided no other indication of what this testimony will be.[2] To the extent that this testimony contends that Plaintiff has suffered emotional or other distress as a result of Defendant's conduct, Defendant is entitled to examine Plaintiff's witnesses and to introduce other evidence showing that the distress alleged by Plaintiff results from other causes. It would be premature and prejudicial to preclude Defendant from introducing any evidence on this topic before Defendant – or this Court – knows what evidence Plaintiff will put on.

**MOTION IN LIMINE 4: PRECLUDING ANY EVIDENCE RELATING TO PLAINTIFF'S ACTIVISM FOR LGBTQ RIGHTS INCLUDING, INTER ALIA, HER INVOLVEMENT WITH THE CHARLOTTE AREA LIBERAL MOMS GROUP (ABBREVIATED CALM), TIMEOUT YOUTH, OR SELLING HOMEMADE ITEMS ONLINE THAT CONTAIN PRO-LGBTQ MESSAGING**

Finally, Plaintiff's MIL #4 seeks to exclude as completely irrelevant any evidence relating to Plaintiff's activism for LGBTQ rights, including (among others) her involvement with several local groups and her selling of certain items that contain pro-LGBTQ messaging.  This MIL must be denied for several reasons.

First, such evidence of Plaintiff's many statements about marriage, her creation and sale of materials advocating same-sex marriage, and other activities promoting

---

[2] At deposition, Defendant extensively probed whether Plaintiff had suffered any emotional, mental health, or physical distress or impact allegedly due to Defendant's rescission of the job offer. Plaintiff identified only that she has received some additional therapy from her existing counselor whom she has been seeing regularly for the past seven years. *See* Plfs. Dep., Dkt. 27-1, at 250:19-256:6.

DEF. WORLD VISION'S OPPOSITION TO PLAINTIFF'S MOTIONS *IN LIMINE*  
CASE NO. 2:21-CV-00920-JLR

Page 9

Ellis | Li | McKinstry  
1700 Seventh Avenue, Suite 1810  
Seattle, WA 98101-1820  
206.682.0565  Fax: 206.625.1052

same-sex marriage are directly relevant to Plaintiff's religious beliefs about marriage that demonstrate that this lawsuit involves a religious dispute over which this Court cannot exercise jurisdiction. *See* Defendant's MSJ, Dkt. 26, at 11-13; Defendant's Opposition to Plaintiff's MSJ, Dkt. 32, at 2-5. This evidence of Plaintiff's statements regarding marriage in these products that she makes and offers for sale and in her other activities is highly relevant to jurisdiction. And whether this evidence became known to Defendant at the time the offer was rescinded or thereafter does not make it any less relevant to this threshold jurisdictional issue.

Second, this evidence of Plaintiff's vocal activism on these issues is also directly relevant to the fact that Plaintiff has failed to establish her prima facie case as to Step One under the *McDonnell Douglas* framework. *See* Defendant's MSJ, Dkt. 26, at 13-14 & n.12. As explained there Defendant would have reached the same employment decision once Plaintiff's public stance came to light, probably during her 9 to 11 weeks of training, as she is a "vocal advocate for a conflicting viewpoint." *Green v. Miss USA*, 52 F.4th 773, 805 (9th Cir. 2022) (VanDyke, J., concurring). This evidence demonstrates that Plaintiff regularly has "publicly engaged in conduct regarded by [WV] as inconsistent with its religious principles." *Little*, 929 F.2d at 951; *accord SJM*, 657 F.3d at 192; *Hall*, 215 F.3d at 624. See Defendant's MSJ, Dkt. 26, at 14 & n.12.

This evidence is clearly relevant to the issues is this case. And here again it would be premature, unnecessary, and prejudicial to grant Plaintiff's broad request completely precluding Defendant from introducing any such evidence. Any legitimate issues can be fully addressed in the course of trial in this action.

DEF. WORLD VISION'S OPPOSITION TO
PLAINTIFF'S MOTIONS *IN LIMINE*
CASE NO. 2:21-CV-00920-JLR

Page 10

Ellis | Li | McKinstry
1700 Seventh Avenue, Suite 1810
Seattle, WA 98101-1820
206.682.0565  Fax: 206.625.1052

## CONCLUSION

For all the foregoing reasons, Defendant respectfully requests that this Court deny all of Plaintiff's Motions *In Limine*.

DATED this June 12, 2023

ELLIS, LI & McKINSTRY PLLC

By:   *s/ Nathaniel L. Taylor*
Nathaniel L. Taylor, WSBA No. 27174
Abigail J. St. Hilaire, WSBA No. 48194
1700 Seventh Avenue, Suite 1810
Seattle, WA 98101-1820
Telephone: (206) 682-0565
Fax: (206) 625-1052
Email: ntaylor@elmlaw.com
Email: asthilaire@elmlaw.com

GAMMON & GRANGE, P.C.
Scott J. Ward, VSB #37758
   (admitted pro hac vice)
J. Matthew Szymanski, VSB # 33150
   (admitted pro hac vice)
1945 Old Gallows Road, Suite 650
Tysons, Virginia 22182
Telephone: (703) 761-5012
Email: SJW@gg-law.com
Email: JMS@gg-law.com

*Attorneys for Defendant
World Vision, Inc.*

Def. World Vision's Opposition to Plaintiff's Motions *In Limine*
Case No. 2:21-CV-00920-JLR

Page 11

Ellis | Li | McKinstry
1700 Seventh Avenue, Suite 1810
Seattle, WA 98101-1820
206.682.0565  Fax: 206.625.1052

## CONCLUSION

For all the foregoing reasons, Defendant respectfully requests that this Court deny all of Plaintiff's Motions *In Limine*.

DATED this June 12, 2023

ELLIS, LI & McKINSTRY PLLC

By:   *s/ Nathaniel L. Taylor*
Nathaniel L. Taylor, WSBA No. 27174
Abigail J. St. Hilaire, WSBA No. 48194
1700 Seventh Avenue, Suite 1810
Seattle, WA 98101-1820
Telephone: (206) 682-0565
Fax: (206) 625-1052
Email: ntaylor@elmlaw.com
Email: asthilaire@elmlaw.com

GAMMON & GRANGE, P.C.
Scott J. Ward, VSB #37758
   (admitted pro hac vice)
J. Matthew Szymanski, VSB # 33150
   (admitted pro hac vice)
1945 Old Gallows Road, Suite 650
Tysons, Virginia 22182
Telephone: (703) 761-5012
Email: SJW@gg-law.com
Email: JMS@gg-law.com

*Attorneys for Defendant
World Vision, Inc.*

Def. World Vision's Opposition to Plaintiff's Motions *In Limine*
Case No. 2:21-CV-00920-JLR

Page 11

Ellis | Li | McKinstry
1700 Seventh Avenue, Suite 1810
Seattle, WA 98101-1820
206.682.0565  Fax: 206.625.1052