THE HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AUBRY MCMAHON,<br><br>    Plaintiff,<br><br>    vs.<br><br>WORLD VISION, INC.<br><br>    Defendant. | CASE NO. 2:21-CV-00920-JLR<br><br>DEFENDANT WORLD VISION'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>*NOTE ON MOTION CALENDAR:*<br>*July 14, 2023* |

Table of Contents

I. PLAINTIFF FAILS THE RECONSIDERATION TEST. ................................................1

   A. Plaintiff Reframes Argument With Old Authorities. ............................................1

   B. Plaintiff Concedes Inexcusable Neglect. ...............................................................1

   C. Plaintiff Raises No Indisputable Error...................................................................2

II. PLAINTIFF IS WRONG ON THE MERITS. .............................................................2

   A. *McDonnell Douglas* and *Opara* Are Controlling. ......................................................2

   B. Only *MD's* Three-Step Framework Is Relevant Here.............................................2

   C. *Opara* Requires All Three *MD* Steps in All *Disparate Treatment* Cases.................3

   D. *Opara* Requires All Three *MD* Steps in All *Direct Evidence* Cases. .......................3

   E. *Opara* Requires All Three *MD* Steps in This Case, Regardless. ...........................4

   F. Religious Freedom Is Not Religious Discrimination. .............................................5

   G. The First Amendment Trumps Any Statute or Statutory Test. ............................6

   H. *303 Creative* Ends the Debate...................................................................................7

III. CONCLUSION..................................................................................................................7

DEF. WORLD VISION'S OPPOSITION
TO MOTION FOR RECONSIDERATION
CASE NO. 2:21-CV-00920-JLR

Page ii

Ellis | Li | McKinstry
1700 Seventh Avenue, Suite 1810
Seattle, WA 98101-1820
206.682.0565  Fax: 206.625.1052

## I.   PLAINTIFF FAILS THE RECONSIDERATION TEST.

### A.   Plaintiff Reframes Argument With Old Authorities.

Motions for reconsideration "may *not* be used to raise arguments … for the first time when they could reasonably have been raised earlier." *Wells Fargo v. Mahogany Meadows Trust*, 979 F.3d 1209, 1218 (9th Cir. 2020) (citation omitted). This prohibition applies to "alleged new authorities in support of [such] arguments." *Aronson v. Dog Eat Dog Films*, 738 F.Supp.2d 1104, 1119 (W.D.Wash. 2010). Plaintiff has reframed her argument with new citations to old authorities. *See* MFR 3 & n.1 (citing *Frank*, 216 F.3d 845 (9th Cir. 2000); *Healey*, 78 F.3d 128 (3d Cir. 1996); and *Cassino*, 817 F.2d 1338 (9th Cir. 1987)). These "alleged new authorities" must be "disregard[ed]." *Aronson*, at 1119.

### B.   Plaintiff Concedes Inexcusable Neglect.

Four times this Court noted Plaintiff's "failure to address or rebut" the "numerous circuit and district court decisions cited by World Vision." Order 18 (twice); *id*. 22; *id*. 24. Indeed, despite three full rounds of overlength cross-briefing (Dkt.21), "[t]he closest Ms. McMahon [came was] through two sentences in her reply brief," Order 22-23, and two cases she assumed would suffice: *Starkey*, 496 F.Supp.3d 1195 (S.D.Ind. 2020) and *Bohnert*, 136 F.Supp.3d 1094 (N.D.Cal. 2015). But this Court found *Starkey* of "limited reasoning" and not "persuasive," Order 18 n.8, and found *Bohnert* to support WV, *id*. at 23-24. As Plaintiff properly concedes, her briefing "should not have assumed this Court would follow *Starkey*." MFR 6.

DEF. WORLD VISION'S RESPONSE
TO MOTION FOR RECONSIDERATION
CASE NO. 2:21-CV-00920-JLR

Page 1

Ellis | Li | McKinstry
1700 Seventh Avenue, Suite 1810
Seattle, WA 98101-1820
206.682.0565  Fax: 206.625.1052

### C. Plaintiff Raises No Indisputable Error.

To show "manifest error," Plaintiff must show "an error that is plain and indisputable, and that amounts to a complete disregard of the controlling law." *Samal v. U.S.*, 2022 WL 179327, at *2 (W.D.Wash. Jan. 20, 2022) (Robart, J.). Plaintiff's "new" cases of *Healey*, *Frank*, and *Cassino* pack little punch. *See infra* 2-5 & n.1. They reflect neither "indisputable error" nor "complete disregard of the controlling law."

## II. PLAINTIFF IS WRONG ON THE MERITS.

### A. *McDonnell Douglas* and *Opara* Are Controlling.

Plaintiff disputes this Court's use of *McDonnell Douglas*, 411 U.S. 792 (1973) ("*MD*"), citing *Healey*, *Frank*, and *Cassino* for the notion that a "facially discriminatory" policy "per se" evades *MD's* three-step test ("*Healey* argument"). MFR 3. But this Court faithfully followed the controlling *MD* analysis of *Opara*, 57 F.4th 709 (9th Cir. 2023), and *Opara* leaves no room for the *Healey* argument. *See infra* at 2-5.[1]

### B. Only *MD's* Three-Step Framework Is Relevant Here.

*MD* has two tests: (1) three-step burden-shifting test of "**Step One: The Prima Facie Case**," "**Step Two: Legitimate, Nondiscriminatory Reason**," and "**Step Three: Pretext**." *Opara,* at 721-29 (citing *MD*) (emphasis retained); and (2) optional four-factor test to meet step one (prima facie). *Id.* at 722 ("[*MD*] Factors"). The latter test is irrelevant here, as Plaintiff did not use it to establish her prima facie case.

---

[1] To the extent *Frank* adopted this *Healey* proposition, it is a relic of past antidiscrimination jurisprudence. *Frank* has **never** been cited for that proposition, and *Healey* just once, in *Wiseley*, 2004 WL 1739724 (D.N.J. Aug. 4, 2004). And *Cassino*, a 1987 case about pretext jury instructions that Plaintiff cites only in a short footnote (MFR 3 n.1), adds nothing to her *Healey* argument.

### C. *Opara* Requires All Three *MD* Steps in All *Disparate Treatment* Cases.

Under *Opara*, "staving off a motion for summary judgment on disparate treatment claims … entails three steps." *Id*. at 721, 721-29 (applying *MD's* three steps). *Opara* clarifies that step one (prima facie) may be met in one of three ways: (a) direct evidence, (b) circumstantial evidence, or (c) four *MD* factors. *Id*. "[R]egardless of the approach a plaintiff takes on step one … once an employer articulates some legitimate, nondiscriminatory reason [step two], the employee must show that the articulated reason is pretextual [step three]." *Id.* at 723. *Opara* repeatedly reinforces the importance of all three steps. *Id*. at 721-29 (using words, structure, and font). *Opara* leaves no room to discard steps two and three for allegedly "facial" or "per se" claims.

### D. *Opara* Requires All Three *MD* Steps in All *Direct Evidence* Cases.

Plaintiff has argued "direct evidence" repeatedly. *See* Pls. Opp. 2 ("Plaintiff submitted direct evidence"); Pls. MSJ 5 (similar); *id*. at 6 (twice). *Opara* clarifies that *MD's* three-step test applies in all "direct evidence" cases. *Id.* at 723-27 (step one). In addition, *Opara* cites "direct evidence" sixteen times, *id*., defines it as "evidence … reflecting the alleged discriminatory attitude," *id.* at 723, and cites two "direct evidence" cases that apply *MD's* three-step test, *id*. at 723 n.12 (citing *EEOC v. Boeing Co.*, 577 F.3d 1044, 1049 (9th Cir. 2009) ("direct evidence of discriminatory animus") and *Schnidrig v. Columbia Mach.*, 80 F.3d 1406, 1409 (9th Cir. 1996) ("direct evidence of discriminatory motives")). A "direct evidence" case is what Plaintiff has presented and what this case is. *Opara's* three-step test governs this "direct evidence" case.

DEF. WORLD VISION'S RESPONSE
TO MOTION FOR RECONSIDERATION
CASE NO. 2:21-CV-00920-JLR

Page 3

Ellis | Li | McKinstry
1700 Seventh Avenue, Suite 1810
Seattle, WA 98101-1820
206.682.0565  Fax: 206.625.1052

E. *Opara* Requires All Three *MD* Steps in This Case, Regardless.

This Court rightly relies on *Butler*, 609 F.Supp.3d 184 (E.D.N.Y. 2022), a closely analogous case. "[Butler] was let go shortly after [revealing] he was gay and planned on marrying his boyfriend eventually. The school contended that its termination [was] predicated on his 'statement of intended conduct,' [to marry another man,] which the school viewed as 'a clear and obvious violation of Church teachings,' 'rather than his sexuality itself' and thus, a non-discriminatory reason for termination." Order 21. There, as here, the employer's policy welcomed gay employees "as long as they do not engage in *conduct* proscribed" by religious doctrine. *Butler*, at 202-203. There, as here, plaintiff claimed an email implied the relevance of sexual orientation, not just conduct. There, as here, plaintiff failed to adduce sufficient secular evidence of pretext. *Id.*

"World Vision rescinded [its] offer after learning that Ms. McMahon was in a same-sex marriage, which, according to World Vision, evidenced sexual conduct contrary to World Vision's SOC and deeply held religious beliefs regarding Biblical marriage." Order 20. This was a "legitimate, nondiscriminatory reason." *Id*. at 19-22 (citing *Butler*). Such conduct policies are allowed by Title VII (under *Bostock*, 140 S.Ct. at 1753–54) and protected by the Constitution. *See, e.g.*, Defs. Opp. 12-14.[2] If such a policy "discriminates" at all, it does so legally via conduct and not orientation.

Like Butler, Plaintiff is left to argue that a (legal) conduct policy is evidence of, or cover for, sexual orientation discrimination. Without citing "pretext," Plaintiff has

---

[2] Citing, *inter alia*, *Bear Creek* (just affirmed on religious freedom grounds, 70 F.4th 914).

DEF. WORLD VISION'S RESPONSE
TO MOTION FOR RECONSIDERATION
CASE NO. 2:21-CV-00920-JLR

Page 4

Ellis | Li | McKinstry
1700 Seventh Avenue, Suite 1810
Seattle, WA 98101-1820
206.682.0565  Fax: 206.625.1052

argued it throughout, Pls. MSJ 3; *id*. 10; Pls. Opp. 6-7, relentlessly seeking evidence that "being LGBTQ [was] a factor in the determination to rescind the job offer[.]" **Freiberg Dep**. 74:17-22 ("A: No, it wasn't."); *accord id*. at 45:9-25; 46:8-25; 47:5-21; 48:3-25; 49:3-20; 50:4-24; 51:3-13; 57:21-24; 108:3-15; 109:6-16; **Talbot Dep**. 25:8-13 ("may be gay"); 26:10-20 ("was gay"); 43:7-46:8 ("sexual orientation"; "being gay"); 58:22-59:11; 74:2-7.

No such evidence turned up; indeed, the undisputed record proves the opposite. For example, WV's policy statement, *Do you hire LGBTQ individuals?*, states:

> People of any sexual orientation can work at World Vision as long as they agree with our statement of faith and abide by our conduct policy. [We hire] people who live out biblical standards of conduct.

Defs. MSJ at 8 n.8 (quoting WV731 at MF ¶45 & Dkt.28-20). *Accord id*. (referencing Dkt.28-19 (FAQs) at WV4694-4695; Dkt.28-21 ("Employment and Sexual Orientation") at WV2849 & 2853; and Dkt.28-22 ("abstinent until marriage" explained) at WV1390).

Thus, to the extent Plaintiff envisions a "facially discriminatory" policy, her argument is "circular." *Butler*, 609 F.Supp.3d at 202-203. Further, it assumes that WV's policy that legally prohibits *conduct* is actually *evidence* of (or pretext for) illegal discrimination based on *orientation*. Any such argument falls squarely within *Opara*. In short, *Butler* applied the three-step test that *Opara* says governs here.

F.   **Religious Freedom Is Not Religious Discrimination.**

Plaintiff's view of religious freedom *defenses* is also circular. *See* MFR 7; *id*. n.2.[3]

---

[3] If Title VII's antidiscrimination protections trump its religious freedom protections, "Title VII would be at war with itself." *Groff v. DeJoy*, 2023 WL 4239256, at *12 (June 29, 2023). But Congress struck a different balance with "This subchapter shall not apply." Defs. MSJ 16-20; Opp. 17-20. What a "statute actually says" is what courts must "heed." *Groff*, at *10.

DEF. WORLD VISION'S RESPONSE
TO MOTION FOR RECONSIDERATION
CASE NO. 2:21-CV-00920-JLR

Page 5

Ellis | Li | McKinstry
1700 Seventh Avenue, Suite 1810
Seattle, WA 98101-1820
206.682.0565  Fax: 206.625.1052

The free exercise of religion is not illegal discrimination. What Plaintiff calls religious *discrimination* is the exercise of freedoms protected by the First Amendment's Religion, Speech, and Assembly Clauses. *See* Defs. MSJ 9, 20-34; Opp. 2-5; Reply 3-7 & n.5.

### G. The First Amendment Trumps Any Statute or Statutory Test.

Regardless, no statutory test trumps the First Amendment. This Court properly relies on autonomy principles embodied in the "numerous decisions" cited by WV. Those decisions include not just self-identifying autonomy cases but Title VII-interpretation cases vindicating autonomy. *See* Defs. MSJ 10, 14 n.12, 17-20; Opp. 8; Reply 5-6 (citing *Little*; *Kennedy*; *Mississippi College*; *Hall*; and *Killinger*). Those cases protect the autonomy of religious employers to hire personnel who share their beliefs and do so without relying on *MD*.[4] First Amendment principles do not hinge on applicability of *MD*, nor can they. Ultimately, autonomy not only satisfies *MD* but supersedes it. And autonomy is only one of WV's defenses, each of which forecloses trial. If the Court revisits its ruling, it should consider "multiple grounds to support its conclusions" in favor of WV. *Biden v. Nebraska*, 2023 WL 4277210, at *15 n.9 (June 30, 2023) ("multiple grounds [are] a strength, not a weakness"); *see* Defs. MSJ 35-36

---

[4] The only one citing *MD* is *Hall*. But *Hall's* use of *MD* is no help to Plaintiff. *Hall* found *no factual evidence of pretext* and did not tie that inquiry to any constitutional concerns, let alone those urging proper construction of the ROE to enforce the "constitutional right" (autonomy) of religious employers "to be free from government intervention." 215 F.3d at 625. Also, *Hall* involved a claim of "religious discrimination," a challenging concept when it can signify both claim and defense in the same case. Finally, any conflation of *MD's* three-step framework with its optional four-factor test for step one was eliminated by *Opara*. As for Plaintiff's insistence that *she* did not invoke *MD*, that is irrelevant. *Opara* says *MD* applies regardless.

(requesting multiple-ground ruling); *id*. 13-35 (providing multiple grounds).[5]

### H.     *303 Creative* Ends the Debate.

In the debate between religious freedom and same-sex marriage, the Supreme Court just sided with the First Amendment. *303 Creative LLC v. Elenis*, 2023 WL 4277208 (June 30, 2023). When an antidiscrimination "law and the Constitution collide, there can be no question which must prevail." *Id*. at *11. This conclusion was preordained because, in such debates, "the First Amendment has struck the balance for us." *Hosanna-Tabor Evangelical v. EEOC*, 565 U.S. 171, 196 (2012) (unanimous).

Like WV, the business woman in *303* believes her work is *expressive* under *Hurley*, 515 U.S. 557 (1995) and *Dale*, 530 U.S. 640 (2000). Like WV, she welcomes "all people regardless of … sexual orientation," *303*, at *13, but will "not violate her beliefs," *id.* at *12, and "contradict biblical truth," *id*. at *6. In the end, *303* rests on "protections belong[ing not] only to speakers whose motives the government finds worthy [but] to speakers whose motives others may find misinformed or offensive." *Id.* at *12. Against such protections, no government can force speakers to "accommodate other views" by forcing them to promote SSM against their religious beliefs. *Id.* at *13.

### III.    CONCLUSION.

Plaintiff sought employment as a DCSR. For WV, DCSRs "are" its "message" and they communicate that religious message only as effectively as they live it. *See*

---

[5] While WV's jurisdictional argument borrows principles from cases vindicating autonomy (aka "ecclesiastical abstention"), Plaintiff herself made this dispute theological, depriving this Court of jurisdiction as a threshold matter. Defs. MSJ 6-9, 11-12; Opp. 2-5; Reply 1-3.

DEF. WORLD VISION'S RESPONSE  
TO MOTION FOR RECONSIDERATION  
CASE NO. 2:21-CV-00920-JLR

Page 7

Ellis | Li | McKinstry  
1700 Seventh Avenue, Suite 1810  
Seattle, WA 98101-1820  
206.682.0565  Fax: 206.625.1052

Defs. MSJ 23-34; Opp. 20-26; Reply 11-16.[6] As for Plaintiff's hypotheticals of religious employers rejecting applicants for various protected traits, there is a solution: strict scrutiny. If religious employers present honest but intolerable religious defenses, strict scrutiny provides a relief valve.

The Motion for Reconsideration should be denied.

Respectfully submitted,

DATED this July 7, 2023

        ELLIS, LI & McKINSTRY PLLC

        By:  *s/ Nathaniel L. Taylor*
        Nathaniel L. Taylor, WSBA No. 27174
        Abigail J. St. Hilaire, WSBA No. 48194
        1700 Seventh Avenue, Suite 1810
        Seattle, WA 98101-1820
        Telephone: (206) 682-0565
        Fax: (206) 625-1052
        Email: ntaylor@elmlaw.com
        Email: asthilaire@elmlaw.com

        GAMMON & GRANGE, P.C.
        Scott J. Ward, VSB No. 37758
          (admitted pro hac vice)
        J. Matthew Szymanski, VSB No. 33150
          (admitted pro hac vice)
        1945 Old Gallows Road, Suite 650
        Tysons, Virginia 22182
        Telephone: (703) 761-5012
        Email: SJW@gg-law.com
        Email: JMS@gg-law.com

        *Attorneys for Defendant*
        *World Vision, Inc.*

---

[6] *303 Creative* invokes *Hurley* and *Dale*, cases of "expressive association." This doctrine applies to employment as much as public accommodations. *See* Defs. MSJ 34 (citing *Slattery v. Hochul*, 61 F.4th 278 (2d Cir. 2023)). It is even more vital in employment, where a foe or skeptic does not merely associate with a religious entity but operationalizes and personifies it.

DEF. WORLD VISION'S RESPONSE
TO MOTION FOR RECONSIDERATION
CASE NO. 2:21-CV-00920-JLR

Page 8

Ellis | Li | McKinstry
1700 Seventh Avenue, Suite 1810
Seattle, WA 98101-1820
206.682.0565  Fax: 206.625.1052

I certify that this memorandum contains 2,079 words, in compliance with the 2,100-word limit in the Court's Minute Order of 6/27/2023 (Dkt.41).

DEF. WORLD VISION'S RESPONSE
TO MOTION FOR RECONSIDERATION
CASE NO. 2:21-CV-00920-JLR

Page 9

Ellis | Li | McKinstry
1700 Seventh Avenue, Suite 1810
Seattle, WA 98101-1820
206.682.0565  Fax: 206.625.1052