Hon. James L. Robart

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| AUBRY MCMAHON,<br><br>　　　Plaintiff,<br><br>　v.<br><br>WORLD VISION, INC.,<br><br>　　　Defendant. | Case No.:  2:21-cv-00920-JLR<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION AND TO ALTER JUDGMENT**<br><br>NOTE DATE: July 14, 2023 |

Defendant fails to rebut the main thrust of Plaintiff's Motion for Reconsideration: that the Court manifestly erred by holding the Church Autonomy Doctrine bars the Title VII and WLAD claims of a non-minister terminated pursuant to a facially discriminatory hiring policy. Plaintiff's Motion does not raise new arguments. She's argued all along this case involves facial discrimination and in that context the Church Autonomy Doctrine does not provide religious employers with greater immunity than the ministerial exception. Dkt. No. 24 at 24-25; Dkt. No. 30 at 6-8, 20-21; Dkt. No. 33 at 1-3, 10. Nor does Plaintiff's Motion raise new authorities regarding the Church Autonomy Doctrine. Rather, her Motion shows the Court committed clear error by misapplying the authorities in Defendant's summary judgment papers and not getting "the law right." *Meritage House of NV, Inc. v. FDIC*, 753 F.3d 819, 825 (9th Cir. 2014).

PLAINTIFF'S REPLY IN SUPPORT OF
MOTION FOR RECONSIDERATION - 1
2:21-CV-00920-JLR

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

Defendant devotes much of its Response to arguing that *Opara v. Yellen*, 57 F. 4th 709 (9th Cir. 2023), supports this Court's erroneous application of the *McDonnell Douglas* shifting burdens framework to a case involving a facially discriminatory employment policy. *Opara* involved the typical situation where the plaintiff claims the employer's articulated reasons for its adverse action are unworthy of belief and a pretext for a discriminatory motive. 57 F. 4th at 721-29. Neither *Opara* nor any other Ninth Circuit case tells district courts to apply the *McDonnell Douglas* shifting burdens framework to cases involving facially discriminatory employment policies.[1]

Defendant's dismissal of *Frank v. United Airlines, Inc.*, 216 F.3d 845 (9th Cir. 2000), as "a relic of past antidiscrimination law," Dkt. No. 42 at n.1, is unavailing. *Frank* is controlling Ninth Circuit precedent. *Frank* makes clear that where, as here, the plaintiff alleges she was subject to an adverse action based upon a facially discriminatory employment policy, it makes no sense to ask whether she has proven pretext. 216 F.3d at 854 (citing *Healey v. Southwood Psychiatric Hosp.*, 78 F.3d 128, 131-32 (3d Cir. 1996)). "[A]n explicit gender-based policy is sex discrimination…." *Int'l Union, United Auto., Aerospace & Agr. Implement Workers of Am., UAW, v. Johnson Controls, Inc.*, 499 U.S. 187, 200 (1991). An employment policy is explicitly gender-based where it requires the "treatment of a person in a manner which but for that person's sex would be different." *Id.* (internal quotation omitted); *Bostock v. Clayton Cty., GA*, 140 S. Ct. 1731, 1741 (2020) ("if changing the employee's sex would have yielded a different choice by the employer—a statutory violation has occurred"). Under *Bostock*, *Johnson Controls*, and *Frank*, the hiring policy that resulted in Plaintiff's termination constitutes a facially discriminatory policy. It is undisputed that if Plaintiff had been a man married to a woman, she would not have been

---

[1] Defendant confuses direct evidence and facially discriminatory employment policies. Dkt. No. 42 at 3. Direct evidence is "conduct or statements by persons involved in the decision-making process that may be viewed as directly reflecting the alleged discriminatory attitude." *Opara*, 57 F. 4th at 723 (internal punctuation omitted).

PLAINTIFF'S REPLY IN SUPPORT OF
MOTION FOR RECONSIDERATION - 2
2:21-CV-00920-JLR

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

disqualified from employment with Defendant.[2] Therefore, this Court disregarded controlling law by utilizing the burden shifting framework set forth in *Opara* applicable to pretext cases.

As Defendant's Response recognizes, the Court's analysis of this action as a pretext case was the lynchpin for its holding that the Church Autonomy Doctrine applies here. Dkt. No. 42 at 5. The Court substantially relied on *Butler v. St. Stanislaus Kostka Catholic Acad.*, 609 F. Supp. 3d 184 (E.D.N.Y. 2022). Dkt. No. 38 at 21-22. The *only* reason *Butler* applied the Church Autonomy Doctrine was because Butler invoked *McDonnell Douglas* and argued his religious employer's asserted grounds for his termination were a pretext for unlawful discrimination. 609 F. Supp. 3d at 198, 200. Butler disputed *the truth* of his employer's claim that he was terminated because he had announced his intention to enter a same-sex marriage and asserted he was fired simply because he was gay, in violation of the employer's own policies. *Id.* at 202. *Butler* correctly holds that even with respect to non-ministerial employees, "the church-autonomy principle prevents inquiries into the *good faith* of the position asserted by the" religious employer. *Id.* at 201 n.17 (emphasis supplied; internal punctuation omitted).

None of the reasons *Butler* applied the Church Autonomy Doctrine exist here. Plaintiff has never claimed that Defendant terminated her employment simply because she is gay. She has never contested the good faith of Defendant's religious opposition to same-sex marriage. She has never argued Defendant's contention that it revoked her job offer because it learned she was in a same-sex marriage is pretextual. What she has asserted all along is that Defendant's prohibition on hiring employees who are in (or having sexual relations within) non-heterosexual marriages is facially

---

[2] Defendant's assertion that its hiring policy is conduct-based doesn't make the policy any less discriminatory. *See McDonald v. Santa Fe Trail Transp. Co.*, 427 U.S. 273, 283-84 (1976) (employer who terminates White workers but not Black workers for violating its policy against theft violates Title VII).

PLAINTIFF'S REPLY IN SUPPORT OF
MOTION FOR RECONSIDERATION - 3
2:21-CV-00920-JLR

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

unlawful discrimination—an argument the plaintiff *never* made in *Butler*. This Court manifestly erred by analyzing this as a pretext case like *Butler* and invoking the Church Autonomy Doctrine.

Defendant's attempt to bolster this Court's Order by relying on *303 Creative LLC v. Elenis*, 143 S. Ct. ---, 2023 WL 4277208 (June 30, 2023), is unpersuasive. The issue in *303 Creative LLC* was whether a state could use "its [antidiscrimination] law to compel an individual to create speech she does not believe." *Id.* at *4. The Court held that doing so violated the First Amendment. *303 Creative LLC* did not involve employment discrimination and Plaintiff's case does not involve compelled speech. The First Amendment does not prohibit application of fair employment laws to prohibit hiring practices that facially discriminate based on protected categories. *Pittsburgh Press Co. v. Pittsburgh Commission on Human Relations*, 413 U.S. 376, 387-91 (1973).

While everyone agrees the First Amendment trumps a conflicting statute, nothing in *303 Creative LLC* gives employers license to violate state and federal employment discrimination laws for religious reasons. There is no legal difference between Defendant's facially discriminatory hiring policy and one prohibiting the employment of anyone who engages in sexual conduct outside a marriage between persons of the same race. *See Loving v. Virginia*, 388 U.S. 1, 3 (1967) (quoting religious justification for anti-miscegenation laws). Freedom of Religion does not mean Freedom to Discriminate. *303 Creative LLC* at *16 (Sotomayor, J., dissenting). This Court manifestly erred by holding the Church Autonomy Doctrine immunizes Defendant's actions in this case.

PLAINTIFF'S REPLY IN SUPPORT OF
MOTION FOR RECONSIDERATION - 4
2:21-CV-00920-JLR

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

RESPECTFULLY SUBMITTED this 12th day of July 2023.

**FRANK FREED SUBIT & THOMAS LLP**

By: /s/ Michael C. Subit
Michael C. Subit, WSBA No. 29189
705 Second Avenue, Suite 1200
Seattle, Washington 98104
Phone: (206) 682-6711
Fax:  (206) 682-0401
Email:  msubit@frankfreed.com

I certify that this memorandum contains 1,091 words in compliance with the Court's Order of June 27, 2023 (Dkt 41)

**NISAR LAW GROUP, P.C**.

By: /s/ Casimir Wolnowski
Casimir Wolnowski
One Grand Central Place
60 East 42nd Street, Suite 4600
New York, New York 10165
Phone: (646) 889-1007
Fax:  (516) 604-0157
Email : cwolnowski@nisarlaw.com
*Admitted Pro Hac Vice*

*Attorneys for Plaintiff*

PLAINTIFF'S REPLY IN SUPPORT OF
MOTION FOR RECONSIDERATION - 5
2:21-CV-00920-JLR

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711