THE HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AUBRY MCMAHON,<br><br>    Plaintiff,<br><br>    vs.<br><br>WORLD VISION, INC.<br><br>    Defendant. | CASE NO. 2:21-CV-00920-JLR<br><br>DEFENDANT WORLD VISION'S MOTION FOR PARTIAL RECONSIDERATION AND/OR CLARIFICATION<br><br>*NOTE ON MOTION CALENDAR:*<br>*August 4, 2023*<br><br>**ORAL ARGUMENT REQUESTED** |

Table of Contents

I. RECONSIDERATION IS WARRANTED. ...................................................................................1

    A. This Case Is a *Bostock* "Future Case." ...................................................................1

    B. Autonomy Here Turns on Religious Justification. ..................................................2

    C. The Court's Initial Autonomy Judgment Survives Harmless Error. ...................2

    D. *Fremont*, *Elvig*, *Maxon,* and *Spencer* Support Autonomy Here. .............................3

    E. Substitution of *Neutral Principles* Defies *OLG/Bostock*. ..........................................4

    F. *Neutral Principles* Oversteps *Puri* and Harms All Religious Employers. ..............5

    G. *Neutral Principles* Is Ill-Suited Here. ........................................................................6

II. CLARIFICATION IS NEEDED. .................................................................................................7

    A. *Neutral Principles* Has Not Been Argued and Needs Scrutiny. ............................7

    B. *Bostock* Expressly Limits Itself to Status (Versus Conduct). ................................8

    C. Autonomy Should Remain for Argument. ..............................................................8

    D. Jurisdiction Should Remain for Argument. ............................................................8

III. CONCLUSION..............................................................................................................................8

DEFENDANT WORLD VISION'S  
MOTION FOR RECONSIDERATION  
CASE NO. 2:21-CV-00920-JLR

Page ii

Ellis | Li | McKinstry  
1700 Seventh Avenue, Suite 1810  
Seattle, WA 98101-1820  
206.682.0565  Fax: 206.625.1052

WV respectfully seeks reconsideration and/or clarification of the "7/24 Order." Reconsideration is proper since the error identified in the "6/12 Order" is harmless and its ruling is valid on other grounds. Otherwise, clarification is needed to guide the new MSJ cross-briefing. This is especially true since the many autonomy cases cited by WV have yet to be "address[ed]." 6/12 Order 18. The 7/24 Order analyzed only the applicability of *Opara/MD*'s test, concluding that earlier reliance on *Butler's* specific analysis was misplaced. But autonomy is *much* broader, *see OLG*, 140 S.Ct. at 2060, and WV separately briefed distinct autonomy principles. *Compare* Dkt.26 at 13-16 and Dkt.34 at 9 (*Opara*) *with* Dkt.26 at 22-23, Dkt.32 at 28-30, and Dkt.34 at 3-7 (autonomy).

I.   RECONSIDERATION IS WARRANTED.

   A.   This Case Is a *Bostock* "Future Case."

Religious employers appear in relatively few Title VII cases, and they typically defend on secular grounds, e.g., downsizing, misconduct, poor performance. Only a fraction offer "religious justifications," which *Bostock* left for "future cases" "like ours." 140 S.Ct. at 1753-54. Only a fraction of those invoke the Religion Clauses, and only a handful involve *both* ministerial exception ("ME") and autonomy. *Puri*, 844 F.3d at 1157-68 (applying both ME and "other principles of the [Religion] Clauses under [the] 'doctrine of ecclesiastical abstention,'" supporting this Court's holding that both doctrines can apply in this case). Precedents are few, manifest errors easy to make.

In cases like ours, autonomy is reinforced by many constitutional doctrines and the Religious Organization Exemption, which itself is a "legislative application[] of the church-autonomy doctrine." *Korte*, 735 F.3d at 678. *See* Dkt.26 at 9-33; *Amos*, 483 U.S.

| DEFENDANT WORLD VISION'S MOTION FOR RECONSIDERATION CASE NO. 2:21-CV-00920-JLR | Page 1 | Ellis \| Li \| McKinstry 1700 Seventh Avenue, Suite 1810 Seattle, WA 98101-1820 206.682.0565  Fax: 206.625.1052 |
|---|---|---|

327 (ROE/autonomy); *OLG*, 140 S.Ct. 2049 (ME/autonomy); *Fulton*, 141 S.Ct. 1868 (free exercise); *Tandon*, 141 S.Ct. 1294 (same); *Kennedy*, 142 S.Ct. 2407 (free exercise/speech), and *303 Creative*, 143 S.Ct. 2298 (speech/expressive association); *Hosanna, 565 U.S.* at *199-202* (Alito/Kagan) (same); *Green*, 52 F.4th at 780-92 (same). All use autonomy.

### B. Autonomy Here Turns on Religious Justification.

Autonomy is (1) "independence" from "secular" "control," "manipulation," or "interference." *Hosanna*, 565 U.S. at 186. It protects (2) religious parties from encroachment and (3) secular courts from entanglement. *OLG*, 140 S.Ct. at 2060. It prevents (4) "substantive entanglement between church and state," *Elvig*, 375 F.3d at 956, and (5) "procedural" entanglement from "the very process of inquiry," *id*. (6) It is decisive in cases that never cite it. *Spencer*, 633 F.3d at 728-29.

Here autonomy turns on a "religiously motivated personnel decision" or "religious justification," 6/12 Order 17-26, which is decisive in the "numerous" cases cited by WV and yet to be addressed. *Id*. at 18; *see also* Dkt.32 at 31 n.27. The absence of such a justification was dispositive in *Puri*, 844 F.3d at 1167, *Elvig*, 375 F.3d at 956-57, *Bollard*, 196 F.3d at 946-47, and *Fremont*, 781 F.2d at 1367 n.1. "Here, by contrast, World Vision has offered a religious justification." 6/12 Order 24.

### C. The Court's Initial Autonomy Judgment Survives Harmless Error.

This Court vacated its judgment for wrongly "analyzing Ms. McMahon's claims under the burden-shifting framework" of *Opara/MD*, 7/24 Order 9-10, particularly its "pretext element," *id*. But autonomy may include the same inquiry, irrespective of *MD*, burden shifting, or facial discrimination. A "pretext inquiry" is appropriate under

DEFENDANT WORLD VISION'S  
MOTION FOR RECONSIDERATION  
CASE NO. 2:21-CV-00920-JLR

Page 2

Ellis | Li | McKinstry  
1700 Seventh Avenue, Suite 1810  
Seattle, WA 98101-1820  
206.682.0565  Fax: 206.625.1052

"religious autonomy," *Hosanna*, 565 U.S. at 206 (Alito/Kagan), when facts "may reveal a non-religious pretext for termination," *Maxon*, 549 F.Supp.3d at 1128. Offering a genuine justification is akin to step two; ensuring its legitimacy is akin to step three.

Thus, without a hint of burden shifting, *Fitzgerald v. Roncalli H.S.*, 2023 WL 4528081 (7th Cir. July 13, 2023) ruled that a church cannot invoke the ME "simply by asserting that everyone on its payroll is a minister [since, as] in other Title VII cases, the plaintiff can defeat summary judgment by producing evidence that the church's justification is pretextual," *id*. at *2, i.e., not "genuine," *id*. at n.*. Likewise in non-ME autonomy cases, a "plaintiff can defeat summary judgment [if the] justification is pretextual." *Id*. Citing *Fremont*, Judge Brennan's concurrence analogized to autonomy-based ROE defenses. "[A]s in our sister circuits, a pretext inquiry—akin to step three of [*MD*]—should apply to the employer's proffered religious rational." *Id*. at *6.

### D. *Fremont*, *Elvig*, *Maxon,* and *Spencer* Support Autonomy Here.

Autonomy requires enough evidence of genuineness to preempt or rebut pretext. "If, for example, a religious institution were to present 'convincing evidence' that an employment practice" was religiously motivated, there would be no "jurisdiction to investigate further [for] pretext.'" *Fremont*, 781 F.2d at 1366.[1] In *Fremont*, pretext was so evident that the employer "could not justify or rebut it" "as a matter of law." *Id*. at 1367 n.1. *If* the employer *had* supplied convincing evidence, it would have prevailed *as a matter of law*. In *Elvig*, the "purely secular inquiry" provided

---

[1] *Fremont* found no credible religious justification. Such religious *defenses* often are labeled "religious discrimination," a confusing word choice. Dkt.42 at 5-6 & n.3.

| DEFENDANT WORLD VISION'S MOTION FOR RECONSIDERATION CASE NO. 2:21-CV-00920-JLR | Page 3 | Ellis \| Li \| McKinstry 1700 Seventh Avenue, Suite 1810 Seattle, WA 98101-1820 206.682.0565  Fax: 206.625.1052 |
|---|---|---|

no occasion to "scrutinize" a "religious reason for the alleged mistreatment" because none was offered. 375 F.3d at 959. But here, WV offers "a religious justification" for the "alleged mistreatment," *id.*, which (if genuine) cannot be scrutinized for validity or rationality, *id*. Any such "inquiry" is barred whether or not it mentions *MD* or *pretext*.

*Elvig* also analyzes religious justification under "protected-choice rationale," *id.* at 960, which also fits here. "Because there is a 'protected-choice rationale' for [WV's] actions in this case [they] must be treated as if they were 'unrelated to any'" discrimination. *Id.* at 960. The Constitution removes all such "protected employment decisions [from] the equation, thus assuring that [WV's] liability under Title VII will not be based on [its religious decision to] terminate[.]" *Id.* at 963. WV's "religiously motivated personnel decision" must not be treated as illegal discrimination.

*Maxon* is another ROE/autonomy case that involves identical facts and comparable law. Dkt.26 at 18-20. Citing *Bostock*, *Maxon* explains:

> To the extent that Plaintiffs were dismissed because their marriages were with spouses of the same sex, rather than the opposite sex, Plaintiffs' claim fails because the religious exemption applies to shield these religiously motivated decisions[.]

*Maxon*, at *2 (Title IX); *see Spencer*, 633 F.3d at 726 n.3 ("religious reasons" suffice).

E. **Substitution of *Neutral Principles* Defies *OLG/Bostock*.**

"In [*Puri's*] circumstances, the availability of the neutral-principles approach obviate[d] the need for ecclesiastical abstention." *Puri*, 844 F.3d at 1168 (2017). This "approach" was "available" in *Puri* because it faced a "secular factual question: under [state] law and the secular governing documents … were the plaintiffs [entitled] to the

DEFENDANT WORLD VISION'S
MOTION FOR RECONSIDERATION
CASE NO. 2:21-CV-00920-JLR

Page 4

Ellis | Li | McKinstry
1700 Seventh Avenue, Suite 1810
Seattle, WA 98101-1820
206.682.0565  Fax: 206.625.1052

disputed board positions?" *Id*. at 1167. *Puri* thus resembled a property dispute, *id*. at 1165, not a motive-driven discrimination case. Regardless, its substitution of neutral principles cannot survive *OLG (2020)* and *Bostock (2020)* in "cases like ours," *id*. at 1753, lest it eviscerate *OLG's* holding and *Bostock's* statement concerning ME/autonomy.

F. *Neutral Principles* **Oversteps *Puri* and Harms All Religious Employers.**

Neutral principles has never been briefed here. *Puri* involved "purely secular terms" of documents, 844 F.3d at 1165-66, "purely secular legal rules," *id.*, and "no consideration of doctrinal matters," *id*. It is inapposite here. First and *crucially*, "defendants [did] not offer a religious justification for their" actions, *id*. at 1167, the central element of autonomy. Second, "the texts guiding [their] actions [were amenable] to secular legal analysis." *Id*. Third, the court would "make [only] secular judgments." *Id*. Fourth, the court could resolve the case "by relying on state statutes [and] corporate charters," with "no danger [of] passing judgment on questions of religious faith or doctrine.'" *Id*. at 1168. Not so here. Plaintiff's claim is barred since "her subjection to [discrimination] was doctrinal." *Elvig*, 375 F.3d at 959.

The consensus for autonomy over neutral principles is broad. *See* Amicus Briefs in Nos. 22-824 and 22-741 at www.supremecourt.gov/docket (Anglicans, Baptists, Catholics, Hindus, Jews, Lutherans, Mormons, Muslims, and scholars). Otherwise, threat of litigation might pressure Jewish groups to hire Messianic Jews, religious LGBTQ groups to hire non-affirming Muslims,[2] and religious groups to hire atheists.

---

[2] Or field non-gay softball players. *Apilado v. N. Am. Gay Amateur Athletics*, 792 F.Supp.2d 1151, 1156 (W.D.Wash. 2011) ("right to exclude anybody who does not share in its values").

DEFENDANT WORLD VISION'S MOTION FOR RECONSIDERATION
CASE NO. 2:21-CV-00920-JLR

Page 5

Ellis | Li | McKinstry
1700 Seventh Avenue, Suite 1810
Seattle, WA 98101-1820
206.682.0565  Fax: 206.625.1052

### G. *Neutral Principles* Is Ill-Suited Here.

Title VII requires "discriminatory animus." *Boeing*, 577 F.3d at 1049. No such evidence exists here. 6/12 Order 2-5 (WV's foundational principles). WV seeks only to follow its Biblical views humbly, with animus toward none. *Id*. To say otherwise is to take sides in a religious dispute, as Plaintiff has done, Dkt.26 at 6-13, or to side against religion. Dkt.32 at 2-14. Autonomy prohibits both.

Indeed, there can be no case here unless this Court finds that Plaintiff satisfies WV's religious qualifications, which would violate autonomy. If Plaintiff were a Hindu, Muslim, or atheist, she clearly would be disqualified on religious grounds, irrespective of her SSM. Dkt.26 at 6. Thus, Plaintiff's *profession* of Christianity cannot permit this Court to find that she satisfies *all* WV's religious requirements, including *living* as a biblical Christian. Such judgments are unavoidably religious.

The 7/24 Order further violates religious autonomy in making two value judgments about WV's religious exercise. First, it necessarily judges WV's beliefs about marriage and sexual conduct as "secondary," thereby "meddling in matters related to a religious organization's ability to define the parameters of what constitutes orthodoxy." *Curay-Cramer*, 450 F.3d at 141; *accord Little*, 929 F.2d at 948. Second, it necessarily judges those religious beliefs as unworthy of First Amendment protection afforded other religious exercise.

This result elevates SSM to super-protected status. Under Plaintiff's logic, to work at WV an Orthodox Jew must abandon her religious identity and exercise, but Plaintiff need sacrifice nothing. That is, Plaintiff's sexual conduct, under Plaintiff's

DEFENDANT WORLD VISION'S
MOTION FOR RECONSIDERATION
CASE NO. 2:21-CV-00920-JLR

Page 6

Ellis | Li | McKinstry
1700 Seventh Avenue, Suite 1810
Seattle, WA 98101-1820
206.682.0565  Fax: 206.625.1052

logic, is entitled to greater protection than an Orthodox Jew's religious exercise. Such logic can denigrate believers, unbelievers, or LGBTQ Christians who choose celibacy for religious reasons. Or it can "stigmatize." *Kumar v. Koester*, 2023 WL 4781492, *4 (C.D.Cal. July 25, 2023) (including "caste" as protected trait in CSU's antidiscrimination policy "stigmatizes Hinduism").

Autonomy means that WV may require its staff to agree with its *religious beliefs*—whether in the Trinity (*Spencer*) or in Biblical marriage. That WV's policy "produces a form of sex discrimination does not make the action less religiously based." Dkt.26 at 20 n.18 (quoting Easterbrook, J.). Here, the alleged sex discrimination and the proffered religious justification are one and the same. "Discerning doctrine from discrimination" is improper, if even possible. *Demkovich*, 3 F.4th at 981 (en banc).

"World Vision contends that its humanitarian relief efforts have religious meaning; the Employees claim they do not. [To inquire further], we would at least implicitly have to answer that question." *Spencer*, 633 F.3d at 731. Here, WV's SOCs are *expressly* and *facially **religious***. To dispense with them as "facially discriminatory" does not avoid these religious questions, it decides them, and does so by treating express religious justifications as both irrelevant *and* discriminatory. Neutral principles provide no path through this "constitutional briar patch." *Id*. at 732.

## II.   CLARIFICATION IS NEEDED.

### A.   *Neutral Principles* Has Not Been Argued and Needs Scrutiny.

As discussed above, "neutral principles" is an ill-suited substitute for autonomy in this case. It has not yet been argued and needs careful attention.

DEFENDANT WORLD VISION'S MOTION FOR RECONSIDERATION
CASE NO. 2:21-CV-00920-JLR

Page 7

Ellis | Li | McKinstry
1700 Seventh Avenue, Suite 1810
Seattle, WA 98101-1820
206.682.0565  Fax: 206.625.1052

### B. *Bostock* Expressly Limits Itself to Status (Versus Conduct).

"Today, we must decide whether an employer can fire someone simply for being homosexual or transgender." 140 S.Ct. at 1737. "The only question before us is whether … simply for being homosexual or transgender[.]" *Id.* at 1753; Dkt.32 at 12.

### C. Autonomy Should Remain for Argument.

If it was a mistake to premise autonomy on burden-shifting under *Opara/MD*, it would be a graver mistake to dispense with autonomy on that basis. *Supra* at 1-5. The 7/24 Order never addressed WV's separate autonomy cases and analysis.

### D. Jurisdiction Should Remain for Argument.

First, having prevailed on MSJ, WV had no reason to seek reconsideration of this issue. Second, there is great "confusion about jurisdiction in the current case law on church autonomy."[3] Third, Plaintiff's own testimony reinforces the threshold nature of jurisdiction here, apart from the common conflation with ME/autonomy cases. Fourth, jurisdiction must always "be policed." *Ruhrgas AG*, 526 U.S. at 583.

## III. CONCLUSION.

The parties disagree about the 7/24 Order's scope, but jointly seek clarification prior to new briefing. WV respectfully requests reconsideration, *supra*, or clarification that all issues raised in initial MSJ briefing—except the specific holding of the 7/24 Order vacating reliance on *Opara/MD*—remain for briefing and argument.

Respectfully submitted,

---

[3] Weinberger, *Is Church Autonomy Jurisdictional?*, 54 LOY. U. CHI. L.J. 471, 475 (2023).

DEFENDANT WORLD VISION'S
MOTION FOR RECONSIDERATION
CASE NO. 2:21-CV-00920-JLR

Page 8

Ellis | Li | McKinstry
1700 Seventh Avenue, Suite 1810
Seattle, WA 98101-1820
206.682.0565  Fax: 206.625.1052

DATED this August 4, 2023

        ELLIS, LI & McKINSTRY PLLC

        By:  */s/ Nathaniel L. Taylor*
        Nathaniel L. Taylor, WSBA No. 27174
        Abigail J. St. Hilaire, WSBA No. 48194
        1700 Seventh Avenue, Suite 1810
        Seattle, WA 98101-1820
        Telephone: (206) 682-0565
        Fax: (206) 625-1052
        Email: ntaylor@elmlaw.com
        Email: asthilaire@elmlaw.com

        GAMMON & GRANGE, P.C.
        Scott J. Ward (pro hac)
        J. Matthew Szymanski (pro hac)
        1945 Old Gallows Road, Suite 650
        Tysons, Virginia 22182
        Telephone: (703) 761-5012
        Email: SJW@gg-law.com
        Email: JMS@gg-law.com

        *Attorneys for Defendant*
        *World Vision, Inc.*

I certify that this memorandum complies with the 2,100-word limit of LCR 7(e).

DEFENDANT WORLD VISION'S MOTION FOR RECONSIDERATION
CASE NO. 2:21-CV-00920-JLR

Page 9

Ellis | Li | McKinstry
1700 Seventh Avenue, Suite 1810
Seattle, WA 98101-1820
206.682.0565  Fax: 206.625.1052