**Hon. James L. Robart**

## UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

AUBRY MCMAHON,

      Plaintiff,

    v.

WORLD VISION, INC.,

      Defendant.

Case No.:  2:21-cv-00920-JLR

**PLAINTIFF'S RESPONSE TO DEFENDANT WORLD VISION'S MOTION TO CLARIFY COURT'S JULY 24, 2023, ORDER**

Although the parties disagree about the meaning of the Court's July 24, 2023, Order Granting Plaintiff's Motion for Reconsideration, Dkt. No. 44, Plaintiff believes the Order is clear. Plaintiff understands the Court to have held: (1) she had affirmatively proven that Defendant discriminated against her on the basis of sex, sexual orientation, and marital status; (2) the Church Autonomy Doctrine did not bar her claims; and (3) the Court would consider Defendant's remaining affirmatives defenses (other than subject matter jurisdiction) and the applicability of *303 Creative LLC v. Elenis*, 143 S. Ct. 2298 (2023), following further briefing. Plaintiff asks the Court to confirm her interpretation of the Order.

Because the Court has denied Defendant's motion (Dkt. No. 46) to the extent it requested reconsideration of the July 24 Order, Plaintiff will not address the assertion that the Court erred by

RESPONSE TO MOTION
FOR CLARIFICATION
Page 1
2:21-CV-00920-JLR

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

recognizing *Bostock v. Clayton Cty., GA*, 140 S. Ct. 1731, 1741 (2020), is not limited to discrimination purely on the basis of status. Dkt. No. 46 at 7. This argument does not request clarification of the Court's July 24 Order but rather reconsideration of it. The Court's July 24 Order correctly applied *Bostock*. *See* Dkt. No. 24 at 7; Dkt. No. 33 at 3; Dkt. No. 43 at 2.

Defendant's contention that its affirmative defense of lack of subject matter jurisdiction "remains open for argument" is meritless. Dkt. No. 46 at 7. After full briefing, this Court rejected Defendant's subject matter jurisdiction argument in its initial summary judgment ruling. Dkt. No. 38 at 13-14. Defendant filed a motion for reconsideration on August 4, 2023, but did not ask the Court to reconsider its earlier adverse subject matter jurisdiction ruling. Dkt. No. 46 at 1-7. Instead, Defendant asked the Court to allow it to reargue its subject matter jurisdiction defense in future briefing. *Id.* at 8. If Defendant wanted the Court to revisit its earlier subject matter jurisdiction ruling, Defendant should have included that request in the August 4 Motion for Reconsideration, especially given footnote 3 of the Court's July 24 Order. Plaintiff should not have to re-brief an issue that the Court has already correctly decided in her favor.

The crux of the disagreement between the parties as to the import of the Court's July 24 Order is the extent to which Defendant may continue to argue the Church Autonomy Doctrine precludes Plaintiff's claims. Plaintiff submits that the Court's holding on this issue could not have been clearer: "With the benefit of additional briefing and further explanation by the parties, the court reverses course and concludes that the Church Autonomy Doctrine does not bar Ms. McMahon's claims." Dkt. 44 at 5:8-10. Defendant's assertion that the Court's July 24 Order merely vacated "reliance on *Opara/MD*," Dkt. No. 46 at 8, is incorrect. After recognizing that its earlier summary judgment order had erred by analyzing this case under the *McDonnell Douglas*

RESPONSE TO MOTION
FOR CLARIFICATION
Page 2
2:21-CV-00920-JLR

framework, the Court then "determine[d] whether the Church Autonomy Doctrine still bars Ms. McMahon's claims." Dkt. No. 44 at 10. Applying controlling Ninth Circuit precedent, the Court correctly held that because Plaintiff's claims could be resolved using neutral principles, the Church Autonomy Doctrine did not preclude her claims. *Id.* at 10-11. Defendant's contention that the July 24 Order analyzed "only the applicability of *Opara/MD*'s test," Dkt. No. 47 at 1, is wrong.

There is also no validity to Defendant's claim that the Church Autonomy Doctrine should "remain for argument" because the Court's July 24 Order did not address every one of the cases Defendant had cited in support of its erroneous contention the doctrine barred Plaintiff's claims. Dkt. No. 46 at 7. The initial summary judgment ruling made clear that the Court had considered "the numerous circuit and district court decisions cited by World Vision that support its contention that the Church Autonomy Doctrine…." precluded Plaintiff's claims. Dkt. No. 38 at 18; *id.* at 22. The Court then analyzed a number of those cases as well as cases cited by those cases. *Id.* at 20-22. Plaintiff's Motion for Reconsideration addressed the cases relied upon by Defendant and the Court, *cf.* Dkt. No. 47 at 1, and showed why they did not support application of the Church Autonomy Doctrine here. Dkt. No. 40 at 2-5; Dk. No. 43 at 3-4. The Court has now definitively ruled that the Church Autonomy Doctrine does not bar Plaintiff's claims and has denied Defendant's motion for reconsideration of that ruling. Dkt. No. 47. The Church Autonomy Doctrine does not "remain for argument."

Equally unavailing is Defendant's contention that "neutral principles has not been argued," Dkt. No. 46 at 7; *see also id.* at 5. Numerous cases that Defendant relied upon, in both its summary judgment briefing and its recent motion for reconsideration, to support its assertion the Church Autonomy Doctrine precludes Plaintiff's claims hold that the applicability of that doctrine depends

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

on whether the dispute can be decided in accordance with neutral or secular principles. *E.g.*, *Butler v. St. Stanislaus Kostka Catholic Academy*, 609 F. Supp. 3d 184, 204 (E.D.N.Y. 2022); *EEOC v. Cath. Univ. of Am.*, 83 F.3d 455, 466 (D.C. Cir. 1996); *Bollard v. California Province of the Society of Jesus*, 196 F.3d 940, 950 (9th Cir. 1999); *Elvig v. Calvin Presbyterian Church*, 375 F.3d 951, 958-65 (9th Cir. 2004). The Court's initial summary judgment ruling held that the Church Autonomy Doctrine does not apply where a dispute is capable of being resolved on the basis of neutral principles. Dkt. No. 38 at 16. Plaintiff's Motion for Reconsideration specifically argued that this case could be decided based on neutral principles. Dkt. No. 40 at 2. In responding to that motion, Defendant had the opportunity to address neutral principles but did not do so. Dkt No. 42. Defendant, however, did brief neutral principles in its now denied motion for reconsideration. Dkt. No. 46 at 4-7. "Neutral principles" has been briefed and the Court determined Plaintiff has established her claims of discrimination using neutral principles of law. Dkt. No. 44 at 10-11. There is no reason for the parties to further brief neutral principles.

Counsels' July 27 meet and confer revealed the parties had quite different understandings about the meaning of the Court's July 24 Order. For that reason, Plaintiff agreed with Defendant's suggestion to defer submission of a proposed briefing schedule until the Court ruled on Defendant's Motion for Reconsideration/Clarification. Dkt. No. 45. The Court has now denied Defendant's Motion for Reconsideration. Plaintiff sees no lack of clarity in the Court's rulings. To alleviate Defendant's apparent uncertainty, Plaintiff requests the Court issue an order reiterating that (1) the Court has already rejected Defendant's subject matter jurisdiction and Church Autonomy Doctrine arguments, and (2) what remains for decision are Defendant's other

RESPONSE TO MOTION
FOR CLARIFICATION
Page 4
2:21-CV-00920-JLR

affirmative defenses and the applicability, if any, of *303 Creative LLC v Elenis,* 143 S. Ct. 2298 (2023).

RESPECTFULLY SUBMITTED this 11th day of August 2023.

**FRANK FREED SUBIT & THOMAS LLP**

By: */s/ Michael C. Subit*
Michael C. Subit, WSBA No. 29189
705 Second Avenue, Suite 1200
Seattle, Washington 98104
Phone: (206) 682-6711
Fax:  (206) 682-0401
Email: msubit@frankfreed.com

I certify that this memorandum contains 1,133 words in compliance with the Court's August 8, 2023, Order (Dkt 47)

**NISAR LAW GROUP, P.C.**

By: */s/ Casimir Wolnowski*
Casimir Wolnowski
One Grand Central Place
60 East 42nd Street, Suite 4600
New York, New York 10165
Phone: (646) 889-1007
Fax:  (516) 604-0157
Email : cwolnowski@nisarlaw.com
Admitted *Pro Hac Vice*

*Attorneys for Plaintiff*

RESPONSE TO MOTION
FOR CLARIFICATION
Page 5
2:21-CV-00920-JLR