1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10   AUBRY MCMAHON,                               CASE NO. C21-0920JLR

11                        Plaintiff,              ORDER

             v.

12

13   WORLD VISION, INC.,

                         Defendant.

14

15      Before the court is Defendant World Vision, Inc.'s ("World Vision") motion for

16   reconsideration and/or clarification of the court's July 24, 2023 order granting Plaintiff

17   Aubry McMahon's motion for reconsideration.  (Mot. (Dkt. # 46); *see also* 7/24/23 Order

18   (Dkt. # 44).)  In its July 24, 2023 order, the court vacated the portion of its June 12, 2023

19   order in which it concluded that the Church Autonomy Doctrine barred Ms. McMahon's

20   claims, granted World Vision's motion for summary judgment, and denied Ms.

21   McMahon's motion for partial summary judgment.  (*See* 7/24/23 Order at 11; 6/12/23

22   Order (Dkt. # 38).)  World Vision asks the court to reconsider its decision to vacate that

ORDER - 1

1  portion of its June 12, 2023 order, or alternatively, to clarify the issues that the parties

2  may raise in their renewed cross-motions for summary judgment.  (*See generally* Mot. at

3  1, 8.)  With respect to the clarification portion of its motion, World Vision contends that

4  the court should be permit it to argue its lack of subject matter jurisdiction and Church

5  Autonomy Doctrine affirmative defenses in its renewed motion.[1]  (*Id.* at 7-8.)

6         On August 8, 2023, the court denied the portion of World Vision's motion in

7  which it requests reconsideration of the court's July 24, 2023 order (*id.* at 1-7), ordered

8  Ms. McMahon to response to the clarification portion of World Vision's motion (*id.* at

9  7-8), and deferred ruling on the clarification issue pending Ms. McMahon's response.

10  (8/8/23 Order at 2.)  Ms. McMahon timely responded to the clarification portion of World

11  Vision's motion.  (Resp. (Dkt. # 48).)  She requests that the court "issue an order

12  reiterating that (1) the [c]ourt has already rejected [World Vision's] subject matter

13  jurisdiction and Church Autonomy Doctrine arguments, and (2) what remains for

14  decision are [World Vision's] other affirmative defenses and the applicability, if any, of

15  *303 Creative LLC v Elenis*, 143 S. Ct. 2298 (2023)."  (*Id.* at 4-5.)

16  //

17  _____

18  [1] In the clarification section, World Vision also argues that the parties should be permitted to address the applicability of *Bostock v. Clayton Cnty.*, __ U.S. __, 140 S. Ct. 1731, 1741 (2020) to this case.  (Mot. at 8.)  However, as Ms. McMahon correctly notes, this argument

19  is more appropriately considered a request for reconsideration of the court's July 24, 2023 order, rather than a request for clarification of the scope of the renewed cross-motions for summary

20  judgment.  (*See* Resp. at 1-2.)  World Vision's argument implies that the court erred by relying on *Bostock* to reject World Vision's contention that its Biblical marriage standard of conduct "is

21  not facially discriminatory because it targets conduct rather than protected traits."  (*See* 7/24/23 Order at 7; Mot. at 8 (contending that *Bostock* is limited to status rather than conduct).)  Because

22  the court has already denied reconsideration portion of World Vision's motion (8/8/23 Order (Dkt. # 47) at 2), it does not address this point any further in this order.

1    Being fully advised, the court rules on World Vision's request for clarification as

2 follows.  First, the court declines to allow World Vision to reargue the issue of subject

3 matter jurisdiction.  The court rejected World Vision's subject matter jurisdiction

4 argument in its June 12, 2023 summary judgment order.  (6/12/23 Order at 13-14.)

5 World Vision never moved for reconsideration of that portion of the order (*see generally*

6 Dkt.; Mot. at 1-7 (not seeking reconsideration of that issue)), nor has it offered a

7 persuasive argument as to why it should be permitted to reargue the subject matter

8 jurisdiction issue in the renewed cross-motions for summary judgment (*see* Mot. at 8).

9    Second, the court declines to allow World Vision to continue to argue that the

10 Church Autonomy Doctrine precludes Ms. McMahon's claims.  The court's July 24,

11 2023 order granting Ms. McMahon's motion for reconsideration did not, as World Vision

12 contends, analyze "only the applicability of the *Opara*/[*McDonnell Douglas*]"

13 burden-shifting framework.  (*See* Mot. at 1; 7/24/23 Order at 4-11.)  Rather, the court's

14 July 24, 2023 order held that:  (1) World Vision rescinded Ms. McMahon's job offer

15 pursuant to a facially discriminatory policy; (2) the *Opara*/*McDonnell Douglas* burden

16 shifting framework is inapplicable to Ms. McMahon's claims because her job offer was

17 rescinded pursuant to a facially discriminatory policy; and (3) the Church Autonomy

18 Doctrine did not bar Ms. McMahon's claims because the claims could be resolved using

19 neutral principles of law.  (7/24/23 Order at 11; *see id.* at 4-11.)

20    Equally unavailing is World Vision's argument that the court should allow it to

21 revisit the Church Autonomy Doctrine because "'neutral principles' . . . has not yet been

22 argued" and the court's July 24, 2023 order did not address every one of the Church

ORDER - 3

1   Autonomy Doctrine cases cited in World Vision's original summary judgment briefing

2   and motion for reconsideration.  (Mot. at 7-8; *see also* Mot. at 1-7 (citing cases); Def.

3   MSJ (Dkt. # 26) at 22-23; Def. MSJ Reply (Dkt. #34) at 3-7; Def. MSJ Resp. (Dkt. # 32)

4   at 28-30.)  The court has considered World Vision's cited Church Autonomy Doctrine

5   cases at least three times:  first, when it resolved the Church Autonomy Doctrine issue in

6   World Vision's favor in its June 12, 2023 order; second, when it reversed course and

7   resolved the issue in Ms. McMahon's issue in deciding her motion for reconsideration;

8   and third, when it denied World Vision's motion for reconsideration of the same.  (*See*

9   6/12/23 Order at 15-25; 7/24/23 Order at 10-11; 8/8/23 Order at 2; *see also* Pl. MFR

10  (Dkt. # 40) at 2-6 (discussing the cases cited in the court's June 12, 2023 order).)

11  Additionally, the parties have had ample opportunity to brief the issue of whether this

12  case could be decided based on neutral principles of law, and the court has already

13  rejected World Vision's contentions that the neutral principles standard has not been met

14  or is inapplicable here.[2]  (*See* 8/8/23 Order at 2; 7/24/23 Order at 10-11.)

15       For the foregoing reasons, the court GRANTS in part and DENIES in part the

16  clarification portion of World Vision's motion (Dkt. # 46 at 7-8).  Specifically, the court

17  rejects World Vision's contentions that it should be permitted to reargue its lack of

18  subject matter and Church Autonomy Doctrine affirmative defenses in the renewed

19  cross-motions for summary judgment.  In the parties' renewed cross-motions for

20

---

21  [2] The Ninth Circuit recently reaffirmed the application of the neutral principles of law standard to the court's consideration of a Church Autonomy Doctrine defense.  *Huntsman v.*

22  *Corp. of the President of the Church of Jesus Christ of Latter-Day Saints*, No. 21-56056, 2023 WL 5008207, at *4-5 (9th Cir. Aug. 7, 2023).

ORDER - 4

1   summary judgment, the parties may address World Vision's remaining affirmative

2   defenses[3] and the impact, if any, of the Supreme Court's recent decision in *303 Creative*

3   *LLC v. Elenis*, __ U.S. __, 143 S. Ct. 2298 (2023) on those defenses.  The court

4   ORDERS the parties to meet and confer and submit, by no later than **August 21, 2023**, a

5   joint statement setting forth a proposed briefing schedule for their renewed cross-motions

6   for summary judgment regarding World Vision's affirmative defenses.  The court will

7   enter a new trial schedule, if appropriate, after it rules on the parties' renewed cross-

8   motions for summary judgment.

9            Dated this 14th day of August, 2023.

10

11   _____

12   JAMES L. ROBART
     United States District Judge

13

14

15

16

17

18

19

20

---

21   [3] The remaining affirmative defenses are World Vision's religious organization
     exemption, ministerial exception, Free Exercise clause, Expressive Association, and bona fide
     occupational qualification defenses.  (*See* Def. MSJ (addressing each of these defenses); Def.

22   MSJ Reply (same).)

ORDER - 5