organizations' message and carrying out their mission than did Plaintiff." *Id.* (internal punctuation omitted). Just like the plaintiff in *Ratliff*, McMahon did not have an "idiosyncratic religious title, background, education, or function." *Id.* And just like the plaintiff in *Ratliff*, McMahon's role at World Vision fell "outside the intended scope of the ministerial exception." *Id.*

"[T]he ministerial exception has been carefully circumscribed to avoid unnecessary conflict with civil law." *DeWeese-Boyd*, 484 Mass. at 54. Where the exception applies, an employee has no recourse under either federal or state anti-discrimination laws. *See Id.* at 42. Title VII was enacted to implement the Equal Protection Clause of the Fourteenth Amendment. *Fitzpatrick v. Bitzer*, 427 U.S. 445 (1976). The laws against workplace discrimination in Washington are "an explicit, well-defined, and dominant public policy." *Int'l Union of Operating Engineers v. Port of Seattle*, 176 Wn.2d 712, 721, 295 P.3d 736 (2013). "It is no exaggeration to say that the ministerial exception condones animus." *Palmer v. Liberty Univ.*, 72 F.4th 52, 74 (4th Cir. 2023) (Motz, J., concurring) (internal quotation omitted). "When it comes to key religious figures, this is a necessary tradeoff." *Id.* However, an employee who is not a key religious figure "does not shed her right to be free from workplace discrimination simply because she believes in God, prays at work, and is employed by a religious entity." *Id.* While Defendant has the constitutional right "to choose those who will guide it on its way," *Hosanna-Tabor*, 565 U.S. at 196, the First Amendment does not give Defendant a carte blanche exemption from the laws against employment discrimination. *See DeWeese-Boyd*, 487 Mass. at 42; *Palmer*, 72 F.4th at 74 (Motz, J., concurring).

The undisputed facts here demonstrate that the customer service representative position does not qualify for the ministerial exception. Therefore, Plaintiff is entitled to summary judgment on Defendant's ministerial exception affirmative defense.

### IV.   DEFENDANT'S REMAINING AFFIRMATIVE DEFENSES FAIL AS A MATTER OF LAW

In *Bostock*, "the Court identified *three* potential avenues of legal recourse for religious and faith-based employers to shield themselves from any potential infringement of their religious rights" as a result of the Court's holding that Title VII prohibits discrimination on the basis of sexual

PLAINTIFF'S RENEWED
MOTION FOR SUMMARY JUDGMENT - 19
2:21-CV-00920-JLR

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711