cannot create a triable issue of fact by contradicting its own prior sworn deposition testimony. *See, e.g.*, *Harris v. City of Seattle*, 315 F. Supp. 2d 1105, 1111 (W.D. Wash. 2004). Accordingly, this Court should disregard Freiberg's second deposition testimony that customer service representatives are required to lead devotions. Even if this Court were to credit that testimony, it would still not be a basis to find the ministerial exception applicable to customer service representatives. As noted just above, "leadership of devotions" is "a part of *every* WVUS job description."

Even assuming leading devotions is a "religious duty" for all World Vision employees, it is a minor one. *All* World Vision staff members are permitted to spend a maximum of 45 minutes per week involved in devotions (whether it be leading one or merely being present at one). Accordingly, in any given week, assuming a World Vision staff member is leading the devotion for the entirety of the sessions (which would go against the idea of rotating leadership), "leading devotions" would amount to less than two percent of a full-time employee's work week.

One of the significant factors in determining whether an employee falls within the ministerial exception is whether she had "a role distinct from that of most of [the organization's] members." *Hosanna-Tabor*, 565 U.S. at 191. World Vision's own documents show that customer service representatives' participation in chapel and leading devotions was no different from most of the organization's other employees. The limited extent to which customer service representatives participate in chapel services and devotions does not make them ministers, any more than such participation makes every other World Vision employee a minister.

### 4. It is Undisputed that Praying with Donors or Potential Donors was not a Job Requirement of the Customer Service Representative Position

The eleventh enumerated requirement of the customer service representative job description reads: "Be sensitive to Donor's needs and pray with them when appropriate." Thus, the customer service representative job description *encourages* but does not mandate those employees to pray with potential donors. Freiberg confirmed that while praying with donors is *encouraged*, it is not a job requirement. Exh. 10, at 24:2-11. In a "guidance document" bearing the heading "Showing Empathy on a Call During a Crisis (Talking Points)"—which was a document used to assist customer

PLAINTIFF'S RENEWED
MOTION FOR SUMMARY JUDGMENT - 13
2:21-CV-00920-JLR

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711