*Rawlinson*, 433 U.S. 321, 334 (1977). Title VII "limits the situations in which discrimination is permissible to 'certain instances' where sex discrimination is 'reasonably necessary' to the 'normal operation' of the 'particular' business." *Johnson Controls*, 499 U.S. at 201. "Each one of these terms…prevents the use of general subjective standards and favors an objective, verifiable requirement." *Id.* "But the most telling term is 'occupational'; this indicates that these objective, verifiable requirements must concern job-related skills and aptitudes." *Id.* "By modifying 'qualification' with 'occupational,' Congress narrowed the term to qualifications that affect an employee's ability to do the job." *Id.*

To escape summary judgment on a BFOQ defense, the employer must raise a genuine issue whether (1) its facially discriminatory policy is reasonably necessary to the normal operation of its particular business, and (2) the policy concerns job-related skills and aptitudes. *Frank v. United Airlines, Inc.*, 216 F.3d 845, 855 (9th Cir. 2000). The "employer must show 'a high correlation' between a qualification and ability to perform job functions." *EEOC v. Kamehameha Schools/Bishop Estate*, 990 F.2d 458, 466 (9th Cir. 1993) (quoting *Johnson Controls*, 499 U.S. at 202). Defendant cannot meet that burden here.

Similar to the Title VII BFOQ defense, the WLAD BFOQ applies "narrowly to jobs for which a particular quality of protected status will be essential to or will contribute to the accomplishment of the purposes of the job." WAC 162-16-240. To establish a BFOQ under Washington law, the employer must show that "excluding members of a particular protected status group is essential to the purposes of the job." *Hegwine v. Longview Fibre Co.*, 162 Wn.2d 340, 358, 172 P.3d 688 (2007) (internal quotation marks omitted). Furthermore, the employer must "establish that all or substantially all persons in the excluded class would be unable to efficiently perform the duties of the position at issue, and the essence of the operation would be undermined by hiring

PLAINTIFF'S RENEWED
MOTION FOR SUMMARY JUDGMENT - 21
2:21-CV-00920-JLR

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711